OPINION of the Court, by
Judge Bibb.
— In asfc action of debt, M’Nairy declared upon a writing under seal, dated, &c. by which the defendants, Watson and M’Call, bound themselves to pay him, s‘in the month of June ensuing the date, one horse, at the value of thirty pounds.” He averred the defendants had not delivered the horse in June, (although his residence in, Fayette was well known to them,) nor upon demand, “ on the day of —.-, in the year ——See. whereby an action accrued to him to demand and have the said sum of thirty pounds in money ; and then assigns breach in non payment of the money. The defendants made default, and the plaintiff took judgment for his debt, and a writ of enquiry as to his damages, which being executed the defendants came in and obtained a new trial; but making default again, a second inquisition of damages was taken, and judgment finally rendered far thirty pounds, the debt in the declaration, and four pounds one shilling, the damages assessed, besides costs. To this judgment the defendants therein now prosecute this writ of error.
The sole question is, did the action of debt lie on the obligation as declared upon ?
Blackstone, in his Commentaries, 3 vol. p. 153, says, “ the legal acceptation of debt, is a sum of money due by certain and express agreement, where the quantity is fixed and specific, and does not depend on any subsequent valuation to settle it. The non payment of , ce? is an injury, for which, the proper remedy is, by -¾:u of debt, to compel the performance of the con-ree. \ or i recover the special sum due.” So in Co-sy.-u’s ■’>gest, title debt, 2 vol. p. 637, it is said, “ debt lie" .-.-.,⅛ every express contract to pay a sum certain” ü>'¿ herewith agrees the decision in 4 Coke, Slade’s ca ,e. In Bacon’s Abridg. title debt, it is defined as an action founded on an express or implied contract, in which the certainty of the sum or duty appe ars, and “ therefore the plaintiff is to recover the same in nume-ro, and not to be repaired in damages by the jury, as in those actions sounding in damages.” In Esp.. Nisi Prim, p. 172, the same definition is given, and it is again said the plaintiff in the action is to recover in *357 numero tbe sum he goes for, and not in damages. The great essentials in the action of debt are, that the contract be, 1st. for money ; 2dlv. a sum certain ; and 3dly., specifically recoverable. That the first and third members of this definition cannot apply to this contract, is clear at first blush. The contract is not for money, but a horse ; and as that horse is uncertain, described only fay price or value, the contract cannot be specifically enforced by a judgment, For being so indefinite, as equally to apply to every horse of such value, an action in the detinet, that is to say, of detinue, would not lie, and that action is the only one in which a specific judgment for property can be rendered. That the second member of the definition does not apply, is perhaps not so self evident, but not less true. That the sum mentioned in the writing is only descriptive of the property, and not necessarily the extent of the recovery, seems not to be questioned. That the recovery in case of a failure to deliver the horse ought not to fall short of the value at which he was to have been delivered, will be readily granted. But yet a greater surn might be recovered, and the plaintiff in the action below has actually obtained an assessment of extra damages. The recovery, however, does not arise out of a contract to pay the amount in money, as the declaration has supposed, but sounds in damages for the breach of a contract, being the only relief which the forms of proceeding in our law are competent to give in a contract for such an indefinite property. If, upon failure to pay the horse, the demand became instanter a liquidated demand for money, as is supposed, their being due by specialty, the interest would immediately attach as a isgal consequence. But that the latter is not the operation of law, and that the action sounds in damages, in which a jury may or may not give interest, was decided by the court, at the spring term, 1807, in the case of Henderson vs. Stainton (a). That decision was given after solemn argument, and the reasons of the decision need not be here repeated.
As this question is of considerable expectation, much agitated, as we are informed in the circuit courts, and on which some diversity of opinion prevails, we have looked into the authorities, and find the judges and lawyers, who have treated of the action of debt, bearing *358 uniform and harmonious testimony, concurring in the definitions before given. The numerous examples of cases in which debt for money will lie, put by Comyns in his digest before quoted, as well as by others, are all of contracts or agreements express or implied, or otherwise accruing for money, certainly due, a sum recoverable in numero, not sounding in damages.
We have found a report of a case seemingly variant from the principles before laid down. This is contained in a loose note to Bacon’s Abridgment, title debt, (a), for which the annotator refers to And. 117. We would gladly have examined the case, but have not been, able to find the book referred to, and must therefore be content, for the present, with the statement (such as it is) in the note before mentioned. It is in the words and figures following:
“ If one makes a bill to another in these words, Memorandum — I owe A. B. £. 20, to be paid in watches ; an action of debt, &c. must be brought for the money, and not an action for the watches, for the number of watches is not certain.”
That the note itself is a very loose abstract from the case refered to, or the case very loosely reported, or that the decision itself, if truly reported, is a very loose one, is clearly demonstrable. 1st. The argument of the case is, that the action would not lie for the watches, because the number of watches is uncertain. But suppose the number was certain, say four, would trover or detinue lie for four watches without other description of them ? clearly not: for, after the number was fixed, the uncertainty and want of identity would be equally as fatal as before. Again, the argument is, because an action for the watches would not lie, therefore “ debt. must.” Surely there is no such imperative consequences : case or covenant, according to the predicament of the writing, would be a more appropriate action than debt. If any rational deduction can be drawn from the citation, it is nothing more than this ; that the watches could not be recovered in kind, for want of a certain description to identify them in detinue, and therefore that the action must go for money. That the action must necessarily be in debt, would be an illogical and illegal conclusion. Therefore, some meaning must be attached to “ it cetera” after the word debt; and, aecord- *359 lug to the latitude and examples given by Coke in his explanations in like cases, that is implied by “ ¡kc.” which the proper doctrines of the law, and the consistency thereof may require. This being supplied, the sentence should be read, “ an action of debt, or rather of case or covenant, must be brought for the money.” At any rate, we consider the testimony of a judge or reporter, whose mere dicta are so loosely and carelessly thrown together, to be totally insufficient to prove the law is so, in opposition to a host of lawyers and judges who have testified to the contrary.
The result from Slade’s case, before cited, p. 92, 4 Coke, is, that actions of debt are founded on contract, in which the plaintiff sets forth his demand in certainty, and insists upon being restored to it in numero. The doctrine seems to be clearly settled, that debt will not lie but where, according to established forms and precedents, judgment can be rendered for the very thing contracted for, and not for damages only. And proceeding on the same principle, Blackstone, in his Commentaries, 3 vol. p. 155-6, after saying that the writ shall be sometimes in the debet and detinet, and sometimes in the detingt only, thus emphatically says : “So also if the aetion be for goods, for corn, or an horse, the writ shall be in the detinet only ; for nothing but a sum of money, for which I (or my ancestors in my name) have personally contracted, is properly considered as my debt. And, indeed, a writ of debt in the detinet only, for goods and chattels, is neither more nor less than a mere writ of detinue, and is followed by the very same judgment.”
Suppose the defendants below had offered a plea of tender of thirty pounds, in money, in the month of June,” would it have been any answer to the action ? The obligors had contracted to deliver a horse, and therefore had no lawful excuse in a tender of money; the obligee had contracted for a horse, and could not have refused the horse, if tendered in time, and demanded to have money.
Upon the whole, we consider that the action of d&t on the obligation will in no shape lie : not in the deti-net only, or in detinue, because the horse was not certain, nor marked individually by contract, so as that judgment could have been given for the thing specifically s *360 nót ⅛ the ¿¾⅛# and detinet, because not money, but a horse was contracted for. The action should have been in covenant* to recover damages for a breach of the contract, if one had been committed, in non performance of the act in the deed mentioned.
Judgment reversed.

 Hard, 118.

 In Irvin vs. Winn, (May 24) it was decided that debt would not !!⅜ Gpon anote <⅞10 pay £,28 in fait,at two dollars per buihel,”