OPINION of the Court, by
Judge OwsLEr.
On the 22d day of June, 1809, the appellants executed to the appellees the following deed of covenant, to wit i “ We, Adam Guthrie and James Cox, promise and oblige ourselves, our hiers, &c. to pay of cause to be paid «ato Martin H. and Nathaniel Wickliff, their heifs or assigns, the sum of óne thousand eight hundred and twenty-nine 4<⅜⅜8⅛*¾ fewtf Sfevea' an&alialf sefltsy t* be *82 paid into tobacco, wMfckey, to-vv linen,J pork at 15*. ¶⅜»⅜ hundred, lard at 6d1. per pound, béeswaX at Is. Gdt pcr “‘|iovmd, butter at &d. pér potad; the article of butter is-to be fresh, arid ■ ptit tip1 in good Order in 6map kegs, to contain" From twenty-five to thirty pounds each ; the lard alio in kegs, io contain about ten gallons ; hefip at 30s. per hundred, the other arti-eles to be delivered at the current market prices at the ⅝⅛6 of delivery; and if the parties should not agree upon the prices, a reference is tb be made to ftdessrs.Sa-muei Smiley; William R. Hynes and Anthony Sanders; or. any two *>f them, who are to determine and say What the prices of thoSe articles shall be. The whole of these <ttftfdég are to be delivered at the mouth of Brashears’ Cfeek, on Salt river; so much at least as will load One fifty foot boat, and no more. The articles Of pork, lard; beeswax; linen and butter ate to be delivered between the 1st and 10th of January, 1810, and the whole of the other articles to be deli vered as above, between the lSt and loth day of April, then nexf ensuing, for valué received,” &⅛* And having failed to perform the, covt-nants therein contained, the appellees prosecuted an action pf covenant in the Nelson circuit court thereon against them. The appellants pleaded; “ that on the 9th of April, 1810, they had procured and had ready at the mouth of Brashears’creek, about six thousand gallons of good merchantable whiskey, to be delivered at that place tb the appellees in discharge of.the aforesaid ' covenant, which they aver was sufficient at the current market prices to discharge their /obligation ahd covenant'aforesaid; that they continued at the place aforesaid with: the whiskey aforesaid during all that day, ready and willing to deliver the whiskey aforesaid to the appellees in discharge of their covenant; that the appellees failed to attend on that day at that place to agree with the appellants upon the price and value of the whiskey aforesaid, and receive the same, of in case of disagreement about the price or value thereof to join in the ascertainment thereof by>the intervention of Anthony Sanders, Samuel Smiley.and Willianfi K. Hynes, and then receive it in discharge of their covenant aforesaid, and the appellees having so failed to attend at that place and &i that day, viz. about the going down of the sunset a part the whiskey aforesaid, viz, «xjiheijisafid gallons, *83 ⅞1 the. place aforesaid, for,s%id ?ppelieef,ln discharge of their covenant aforesaid ⅜ but the appellee* failed as pbove stated to attend then ap4 there ’ and.: receive it, or do and perform what was necessary to be done» and performed on their part preparatory to the payri|ent,and receipt ,of the said^whiskey > Mid this they are ready: to ' verify,”&c. To which plea the ,appellees filed in su,h-stance a general replication, whereupon the. appellants joined issue thereto. On the trial of the issue the ap-pellees tendered a. demurrer to the evidence,, and aftey admitting all the facts which the evidence conduced ⅛ prove, the qourt compelled the. appellants to join the demurrer. The court decided the demurrer in favor of the appellees, and a verdict and judgment was obtained against the appellants, from which they have prosecuted this appeal. ⅝
A repleader is Bever^award. himnwho?coin-mits the firft •*Ult Tidd'C^* Pra~ &.8 B. Sz4 —Kmft-vs frews,u^Ray- ' ■vs. Bamuter, ^Tnwiiafc 8 Cok. 133, kv
*83 The appellants have assigned various errors, most o£ which grow out of the trial of the issue joined in this cause. We will notice such only as are thought necessary to a decision of this case. It is objected that th«¡ plea of the appellants is materially and substantially defective ; and hence it is inferred that any errors growing out of the issue joined thereon cannot avail them. The consideration of the sufficiency of that plea seem*, therefore first to demand notice. We have no doubt but that the literal, plain andohyious import of the covenant upon-which this» suites founded, required payment to be made in tobacco, whiskey, pork, arid the Other articles therein mentioned, and that the delivery of Op one article could have discharged the covenant. And it is evidently essential to a good tender, that it be made of those things stipulated to be performed. The plea, however, in this case, alleges a readiness to perform the covenant by paying whiskey only, at the time and place stipulated. If pay ment could not have been made ⅛ whiskey, had the appelleess been present,of which,we have no doubt, it evidently results that a plea containing allegations only of a readiness to pay whiskey ⅛ bad. The plea most assuredly then contains no suffiy cient bar Jo.tfyt appellees’,action, and ..consequently the issue joined thereon is immaterial. It would seem then necessarily to, follo w, that foq errors growing out pf trial of that issue, when found against the appellants^ ⅛¾⅛, judgment should not be reversed. This *84 . poshion ~abu. antly. fortified by precedents in this court, where they have refused ~o interpose in favor of a plaintiff where his-declaration contains a material defect, althot~gh errors may have been committed in the progress of the cause against him. Besides, it is a aettled rule that a ~çpleadcr should ~ot be awarded in favor of him Who makes the first fault in pleading. Upon the whole, we think for any Frrors which may have grown out of the trial of the issue joined in this cause, the judgment should not be reversed ; and coi-sequently no examination need be made into the as-sigoment of ~rrors which bring them in question. But if, as hasbeen contended by the appç~lants~ counsel; material defects exist in the appellees' declaration, they afford sufficient cause for reversing the judgment. An inquiry into the sufficiency of the declaration, therefore, becomes necessary. With respect to the objection that the averment is insufficient as to the arbitrators having 4etermined the market prices according to the meaq-ing and effect of the deed of covenant, we think not entitled to weight. .&lthough that averment is not strictty forptal, it is substantially correct. The terms of sub-5uission contained In the deed of covenant, do not re-~uire th~ production of evidence tq the referees to enable them to determine the market prices. They could do so from their own know~Jedge. The avernient con.-tains substantially cvery thing which was necessary ta be alleged. There being no other objection taken in tile argum~nt to the declaration, ~nd none being per. ceived.,the judgment of the circuit court must be a& firmed ~vith •costs and damages.