Opinion of the Court.
THE plaintiff in error declared in assumpsit against the defendant, and substantially set out in his declaration, the following writing, to wit:
“ For value received, I promise to convey to Benjamin Elliott, or order, lands at a fair valuation, to the amount of nine hundred dollars, whenever required, or within a reasonable time thereafter, with a deed of general warranty. In witness whereof, I have here, unto affixed my hand and seal, this 11th March 1809.
(Signed) JOHN FOWLER.”
Two counts in the plaintiff’s declaration set out a consideration of this instrument. The first alleges the consideration to be, so much money by the plaintiff laid out and expended to the use of the defendant, and at his instance and request. The second alleges that the consideration was so much money by the said defendant had and received to the use of the plaintiff ; and both these counts state a special request by the plaintiff to the defendant, to convey. There is a third count, in indebitatus assumpsit, for money had and received. To this last count only, there is pleaded the general issue of non assumpsit. To the two first counts, which rely upon the writing, there were two pleas, one of which was overruled on demurrer, and the other was, that the cause of action did not accrue within five years next before the emanation of the writ. On the trial of these issues, the plaintiff gave in evidence the writing aforesaid, and proved by a witness, *200 that some time in the month of February 1816, he, the witness, presented the writing in question to the defendant, and demanded a compliance with its stipulations ; to which the defendant replied, that he supposed the object was to commence suit on the writing. Upon being informed by the witness, that this was the supposed object, the defendant proceeded to state, that he should say nothing that would prejudice his rights ; that he had offered terms to the plaintiff, and as he would not accept them, he might take his course. The witness further stated, that the paper was given to him by counsel, who held it, as the witness supposed, for the purpose of bringing suit for the plaintiff, with a request that he should make the aforesaid demand, and not at the request of the plaintiff himself. That in the year 1814 or 1815, the plaintiff himself had showed him the writing, and spoke to him about commencing a suit upon it, and then informed the witness, that he, the plaintiff, had been that day to the defendant’s house, and the defendant would not settle the business with him. The witness further stated, that when he made the demand spoken of, the defendant was in the court house in Lexington, in which town the defendant resided. This was substantially the statement of the witness, except some statements with regard to the consideration, brought out by the interrogations of the defendant’s counsel, who also brought out the above statements of the plaintiff, detailed by the witness.
On a contract to convey land at a fair valuation, to the amount of a sum specified, when required, no demand at the residence of the person bound, is necessary.
The court, on the motion of the defendant, instructed the jury to find for the defendant, because no demand was proved ; and this instruction is assigned as error.
1. The court must have given this instruction, either on the supposition that the demand must be made at the residence of the defendant, which appears to be insisted upon by the defendant, or on the ground that the evidence was insufficient to prove the necessary demand. On neither ground, can the instruction be supported. The act to be performed by the defendant, was transitory, and might have been performed at any other place, as well as at his own house. A demand, therefore, at anytime or place where it was convenient to attend to the matter, was lawful ; so that this ground is wholly untenable. The ground of the insufficiency of the evidence, for want of authority in the *201 witness to make the demand, we also think cannot be supported. We do not suppose that a written authority to the witness, was necessary, or that the counsel for the plaintiff, who, it ought to be presumed, had the control of the instrument, for the purpose of first making the proper demand, and then for commencing suit, if the demand was not complied with, could not thus place it in the hands of the witness, for the purpose of having the demand made. The plaintiff does not appear to have disavowed his act ; nor did the defendant, by his replies, appear to be at a loss how to understand the matter, or to question the authority. Nor did he rest his non compliance, at the time, on the want of authority in the witness. Besides, the evidence strongly conduced to prove a previous demand. The statements of the plaintiff, drawn from the witness at the instance of the defendant, relative to his calling upon the defendant, and the defendant’s acknowledgment of having offered terms to the plaintiff, taken together, go far to show that there had been a previous demand by the plaintiff himself ; and the jury might have inferred it.
It seems, that in such case, a person may be deputed to present the contract and make the demand, without any authority in writing.
Where the defendant has pleaded the statute of limitations and the plaintiff has not replied to it, the court cannot reverse the judgment of the inferior court, on a writ of error brought by the plaintiff, notwithstanding it appears, that a verdict was rendered against him in consequence of erroneous instructions given by the inferior court. If it appears from any cause in the record, that the plaintiff in error ought not to have had a judgment in his favor, or that if he had obtained one, it must have been reversed on a writ of error brought by his adversary, he cannot maintain one himself. *Ante 64.
*201 Moreover, the court below seems not to have noticed the issue in the cause. There was no plea of non assumpsit, to the two first counts. The statute of limitations was the only plea. This plea admits and avoids the action. By it the defendant does not deny that he did assume at all, or that no demand was made ; but contends that the demand and refusal happened more than five years previous to the emanation of the writ ; for, on demand and refusal the action accrued. A demand, therefore, was not necessary to be shown, further than for the purpose of ascertaining the time when it was made. The evidence, we conceive, strongly conduces to show the time within the five years ; and as this was the use of it, the court ought not to have given the instruction.
2. But notwithstanding we so essentially differ from the court below in the instructions given, yet the record presents an obstacle to the redress sought by the plaintiff, which we cannot surmount. The plea of the statute of limitations, relied on by the defendant, admits of various replications. It may be directly traversed, or some of the exceptions allowed by the statute may be replied, that would direct the issue to a *202 different point. The plea of the statute, in this case, was not replied to by the plaintiff, nor was the issue closed ; and had he been successful in the trial, the judgment, for want of such replication, could not have been sustained, on a writ of error brought by his adversary, according to the decision at this term, in the case of Morris vs. Barkley ;* for it is a settled rule, that if it appear, from any cause in the record, that the plaintiff in error ought not to have had judgment, or that if he had obtained one, it must have been reversed on the writ of his adversary, he cannot maintain a writ of error himself—Guthrie vs. Wickliffe, 3 Bibb 81, ibid 225, and other cases. The plaintiff here was not entitled to judgment, for want of replication ; and, therefore, as it was rendered against him, although for untenable reasons, it cannot be reversed.
Judgment affirmed with costs.