Nov. Term,
1822.

WILSON
v.
HICKSON.

---

## WILSON *v.* HICKSON.

Debt will not lie on a writing obligatory for the payment of a certain sum in "*United States'* bank notes or its branches." Covenant *is* the proper action. In suits commenced by attachment, the writ must appear in the record.

Thursday,
November 19.

ERROR to the *Floyd* Circuit Court.

HOLMAN, J.—Judgment on a domestic attachment. Affidavit by *N. Hickson* that *J. Wilson* was indebted to him in the sum

of 1,193 dollars, with interest, &c., upon a writing obligatory assigned to him by *T. Hickson.* It appears that an attachment issued and was returned executed; but the attachment is not set out in the record. After the return of the attachment, the plaintiff filed his declaration in debt, on a note under seal for the payment of 1,193 dollars "in *United States'* bank notes or its branches."

Independently of the absence of the attachment, without which we could not say the proceedings were correct (1), an unanswerable objection arises to the form of this action. Debt will not lie on this writing. It is not for the payment of money. The precise value of *United States'* bank notes, or the notes of its branches, is a matter of fact which should be found by a jury. That they are now at or above par does not alter the case, as they are subject to rise or fall in value with a change of time or place. In the case of *Hedges* v. *Gray,* we have decided, at this term, that covenant and not debt is the proper action on a sealed bill for the payment of land-office money (2). So, in this case, covenant would be the proper action; and the value of the notes, a fact to be found by the jury.

There are many cases in the books, where bank bills have been considered as money. But a reference to the time when those decisions were made, or to the places where they are now made, will clearly show that at those times and places bank bills were of a certain, uniform value, and circulated at par with the gold and silver coin of the country (3). Such is not the case here. The bills of different banks are of different value; and much the greater number are below par. Besides which, their value is continually fluctuating. So much so, that bills on the same banks sometimes depreciate in value one-third, one-half, or perhaps more, in the course of a few days or even hours. This being the state of our bank paper, we can no longer consider it as money; nor can we consider the cases that have treated it as such, as applicable to our situation.

In this case, the attachment, so far as we can learn any thing about it, and the declaration, being in debt, all the proceedings are erroneous.

*Per Curiam.*—The judgment is reversed, with costs.

*Fitch,* for the plaintiff.

*Nelson,* for the defendant.

(1) Vide *Foyles* v. *Kelso,* ante, p. 215, and note.

(2) Ante, p. 216. Vide, also, *Duerson* v. *Bellows*, ante, p. 217.—*Osborne* v. *Fulton*, post, p. 233--*Harper* v. *Levy*, *May* term, 1824, post. Debt cannot be maintained on a note for the payment of a liquidated sum in current bank paper. *Campbell* v. *Weister*, 1 Litt. 30. It will not lie on articles of agreement under seal to pay a certain sum in bank notes, for they are not money: the proper action in that case is covenant, in which the real damages can be recovered according to the value of the notes. *Scott* v. *Conover*, 1 Hals. 222. Where the obligor of a sealed note promised to pay, "in the month of *June* ensuing the date, one horse at the value of 30*l.*;" *Watson* v. *M'Nairy*, 1 Bibb, 356;—where, to pay "28*l.* in salt at 2 dollars per bushel;" *Irvin* v. *Winn*, Ibid. note;—where, to pay, "one day after date, 103 dollars in leather or other good property at its value;" *Bruner* v. *Kelsoe*, Ibid. 487;—where, to pay "89 dollars to be discharged in good merchantable brick, common brick at 4 dollars per thousand, and sand brick at 5 dollars per thousand, to be delivered at the house of the obligee in *Shelbyville* on or before the 1st of August next;" *Mattox* v. *Craig*, 2 Bibb, 584;—debt was held not to lie, the proper action being covenant.

(3) The decisions referred to in the text, will be all found cited and commented on in *Judah* v. *Harris*, 19 Johns. R. 144; which case decides, that a promissory note payable "in bank notes current in the city of *New-York*," is a negotiable note within the statute.