Nov. Term,
1832.

CASSADY
v.
LAUGHLIN.          S. CASSADY and Another, Administrators, v. LAUGHLIN.

Writing obligatory for 200 dollars to be paid in lumber; the lumber to be such
  as the payee should require, and to be delivered at a certain time and place, at
  the lowest cash price. *Held,* that debt would not lie on such an obligation.

Friday,              ERROR to the *Rush* Circuit Court. This was an action
November 30. by *Laughlin* against *W. Cassady.* Demurrer to the declaration
and judgment for the plaintiff below. After the rendition of
the judgment, *W. Cassady* died, and his administrators have
sued out this writ of error.

STEVENS, J.—Debt on a writing obligatory, made by the
intestate to the defendant in error, for 200 dollars, to be paid in
lumber, of such description as the payee might require, to be
delivered in *Rushville,* on or before the last day of *September,*
1829, at the lowest cash price.

The declaration avers that on the last day of payment, the
payee delivered to the payor, at *Rushville,* the place of payment,
a description of the lumber required, and then and there de-
manded payment, but that the payor neglected and refused to
pay the same, or any part thereof. To this declaration the
payor demurs in law; alleging for cause of demurrer,—1st, that
debt will not lie upon such a writing obligatory, but that the
proper action is covenant; and 2dly, that the demand was in-
sufficient,—that the payee should have given notice of the
description of lumber he wished to have, in a due and season-
able time, and that he could not give the notice of his election
and demand payment on the same day,—that to require of
the payor, payment on the same day, was requiring of him an
impossibility.

In the decision of this case, we do not think it necessary to
examine both causes of demurrer, as the first point made is a
decisive objection. Debt is defined in Bac. Abr. to be an action
founded on an express or implied contract, in which the cer-
tainty of the sum or duty appears, and "therefore the plaintiff
is to recover the same *in numero,* and not to be repaired in
damages by the jury." Com. Dig. says, "debt lies upon every
express contract to pay a sum certain." Blackstone in his
commentaries, says, "the legal acceptation of debt is, a sum of

money due by certain and express agreement, where the quantity is fixed and specific, and does not depend upon any subsequent valuation to settle it." Indeed, the definition given in all the books amounts to the same thing. The plaintiff must recover *in numero* and not in damages.

The three distinguishing points in the action of debt are that the contract must be,—1st, for money; 2dly, for a sum certain; 3dly, specifically recoverable.

The contract in this case is not for money, but for lumber; and as that is not any certain and specific lumber, being designated only by its price or value, the contract cannot be specifically enforced by a judgment. It applies equally to all lumber of that value, and no specific judgment could be rendered for it. The sum to be recovered sounds in damages, and may be a greater or less sum. That the recovery should be the amount of value for which it ought to have been delivered, is granted, but a greater or less sum might be recovered, for the contract is not to pay the amount in money, but sounds solely in damages for the breach of the contract.

If upon a failure to pay the lumber, the demand became, *instanter*, a liquidated demand for money then being due by specialty, the interest would immediately attach as a legal consequence. But that is not the case here; for interest may or may not be allowed in the discretion of the Court and jury who try the issue.

Suppose the defendant below had offered a plea of tender of 200 dollars in money on the day of payment, would it have barred or answered the action? It would not. The defendant had bound himself to deliver lumber, and the delivery of the specified sum of money named in the contract as the value of the lumber, is not a legal compliance with the contract. The payee might be much more or much less damaged, than the amount of the price or value set upon the lumber by the contract. *Wilson* v. *Hickson,* 1 Blackf. 230.—*Hedges* v. *Gray,* 1 Blackf. 216.—*Campbell* v. *Weister,* 1 Litt. 30.—*Bruner* v. *Kelsoe,* 1 Bibb, 487.—*Watson et al.* v. *M'Nairy,* 1 Bibb, 356.—*Scott* v. *Conover,* 1 Hals. 222.

*Per Curiam.*—The judgment is reversed with costs. To be certified, &c.

*O. H. Smith,* for the plaintiffs.
*J. Rariden,* for the defendant.