### CLARK *v.* FRALEY.

A tenant contracted to deliver, as rent, one-third of the corn he should raise on the premises.  *Held*, that the remedy by distress does not lie in such a case.

APPEAL from the *Tippecanoe* Circuit Court.  The verdict and judgment, in this case, were in favour of *Fraley*, the plaintiff below.

STEVENS, J.—*Fraley* declared against *Clark* in an action of replevin, for unjustly and unlawfully taking and detaining divers goods and chattels, of him the said *Fraley*, of great value, &c.

*Clark* avowed the taking and detaining the goods and chattels as a distress for rent, &c., because he says, that on the 15th day of *November*, 1830, he the said *Clark*, by a certain article of agreement under the hands and seals of him and the said *Fraley*, demised to said *Fraley* part of his, said *Clark's* land, being the field south of the house of said *Clark*, containing 51 acres, and the corn-field west of the house of him said *Clark*, excepting a small piece which was sown in rye, and four rods square at the grave-yard, together with the house and garden, which were occupied by *John S. Parsons*, for the term of one year from the 1st day of *March*, 1831, then next ensuing, &c.; that in

consideration thereof said *Fraley* stipulated and agreed with him said *Clark*, by said article of agreement, to put the whole of the two fields, except as therein excepted, in corn, and to deliver to said *Clark*, in his crib, &c., one-third part of said corn so raised, &c.; and because 1,000 bushels of corn of the value of 250 dollars, part of said rent, were then and there, &c. due and in arrears from said *Fraley* to him said *Clark*, he took and detained the said goods and chattels, &c., as a distress for rent, &c.

To this avowry several pleas were filed, on which issues were joined to the country, and a jury trial had, &c. During the progress of the trial, *Clark*, the avowant, took several exceptions to evidence which the Court permitted to go to the jury, and to instructions given, and instructions refused to be given, to the jury by the Court; all of which he caused to be spread of record by bills of exception.

*Clark*, the avowant, appealed, and now asks this Court to reverse the judgment of the Circuit Court, and set aside the verdict of the jury, for these errors contained in his bills of exception. We, however, do not think it necessary to examine those bills of exception, or to determine whether the errors therein complained of exist or not, the appellant having committed the first error himself, and that error a fatal one. It is a principle long since settled, that where it appears of record that the plaintiff in error ought not to have a judgment in his favour, or that if he had obtained one, it must have been reversed on a writ of error brought by his adversary, he cannot maintain one himself. *Elliott* v. *Fowler*, 1 Litt. 198. —*Guthrie* v. *Wickliff*, 3 Bibb, 81. The avowry in this case is defective, and the defect is one that cannot be cured; it is in the contract on which the avowry is bottomed. The written contract, set out in the avowry, does not authorise the appellant to avow the taking the goods and chattels as a distress for rent. The remedy by distress is an extraordinary one, in which a man becomes a judge in his own cause; a remedy by which a landlord is permitted to seize and dispose of the property of his tenant, without the assent of a Court or a jury, and therefore he is limited to strict law; nothing can be taken by implication or intendment; he is confined strictly to the authority given.

A landlord has all the remedies by suit or suits, that other creditors have, in addition to this remedy by distress; and he is

34

never bound to resort to this remedy, unless he please; and he never should do it; unless he is certain of five things; that is, 1. that the contract between himself and his tenant authorised a distress for the rent; 2. that he has good and lawful cause to distrain; 3. that he has good and lawful right and authority to make the distress; 4. that the thing taken is distrainable; 5. that the distress is made at the proper time and place; for if he fail in any of those points, he becomes a trespasser.

In the cause now before us, the covenant between the parties on which the avowry is bottomed, does not authorise a distress. No distress for rent can be legally made, unless the amount of rent is reserved or stipulated by contract, and the sum is certain and specific. Other actions may lie, such as assumpsit, debt, or covenant, but the landlord cannot distrain. The rent stipulated to be paid in this case, is entirely uncertain; the landlord's demand sounds solely in damages. Some years it may amount to 250 dollars, in other years not to 20 dollars. The amount depends upon the seasons, winds, rains, storms, and elements, and also upon the industry and care of the tenant; nothing can be more uncertain than the amount of rent, that may be annually due upon such a contract.

Kent says, the remedy provided by law for the recovery of rent depends upon the nature of the contract. The suit may be covenant, debt, or assumpsit, or it may be by re-entry or distress. Baron Gilbert says, that in that particular, distress is in the nature of an execution, and it would lead to great abuse and oppression, if the party could determine for himself the amount due to him. In the case of *Lansing* v. *Rattoone*, 6 Johns. Rep. 43, the Court says that the remedy is for a certain rent, and not for damages; that the landlord cannot even calculate interest, and add it to the rent, because interest is in the nature of damages; he must distrain only for the naked rent. In the case of *Jacks* v. *Smith*, 1 Bay, 315, the Court says that there must be an express contract for rent, either written or parol, and the amount of rent must be certain. In the case of *Smith* v. *The Sheriff of Charleston*, 1 Bay, 443, the Court says, no distress for rent can be made unless a specific sum be reserved by contract.

The rent for which a distress may be made, may be payable in grain or other produce, or in repairs or labour, but the sum must be certain, and be stipulated by the contract. In the case

of *Smith* v. *Colson*, 10 Johns. Rep. 91, the Court decided that the rent might be payable in repairs, if the contract settled and fixed the sum certain that should be so paid.

*Per Curiam.*—The judgment is reversed, &c. at the appellant's costs. Cause remanded, &c.

C. *Fletcher* and *W. M. Jenners*, for the appellant.

A. S. *White*, for the appellee.