Nov. Term,
1844.

PURCELL
v.
THOMAS.

---

PURCELL *v.* THOMAS and Another.

A tenant contracted to pay annually, for the rent of certain real estate, 96 dollars in *Indiana* scrip. *Held*, that the remedy by distress does not lie on such contract.

*Saturday,*
*December 7.*

APPEAL from the *Knox* Circuit Court.

SULLIVAN, J.—Replevin. An agreed case was made by the parties containing, substantially, the following facts : The property named in the declaration had been distrained by the defendants for rent due on a lease of certain lots in *Vincennes*, by virtue of which the tenant bound himself to pay annually, for the rent of said lots, ninety-six dollars in *Indiana* scrip. The only question in the Circuit Court was, and the only question we have to consider now is, whether the remedy by distress will lie on such a contract. The Cir-

cuit Court decided that it would, and gave judgment for the defendants.

To authorize a distress, the sum distrained for must be certain, or capable of being reduced to a certainty. If the rent reserved be 100 dollars payable in corn, or in repairs, the amount is certain though it be not payable in money. In such a case, it is well settled, the landlord may distrain. On the other hand, where the value of the rent is uncertain, as where the rent reserved is one-third of the corn raised, the remedy by distress does not lie. *Clark* v. *Fraley*, 3 Blackf. 264. By repeated decisions of this Court, a contract to pay a specified sum in bank-bills is a contract to pay the worth of those bills, and in an action on such contract their value only can be recovered. It is a promise to pay in property, the value of which is fluctuating and uncertain. *Wilson* v. *Hickson*, 1 Blackf. 230.—*Harper* v. *Levy*, Id. 294.—*Coldren* v. *Miller*, Id. 296.—*Hedges* v. *Gray*, Id. 216. If bank-bills be, in the view of the law, of uncertain value, state scrip, in all its varieties, cannot be viewed in any other light. It follows, therefore, according to the case of *Clark* v. *Fraley*, *supra*, that a distress will not lie on this contract. The landlord must be left to his remedy as in other cases of contract.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*S. Judah*, for the appellant.

*B. M. Thomas*, for the appellees.

