## Bowser and Another *v.* Scott and Others, Administrators.

A distress for rent does not lie where the tenant's contract is to deliver a certain number of bushels of wheat, corn, oats, &c., for each acre of ground cultivated in those kinds of grain.

Nor can the landlord, in such case, claim rent out of the proceeds of a sale, on another person's execution, of the tenant's goods.

APPEAL from the *Allen* Circuit Court.

Perkins, J.—This was a proceeding before a magistrate by the administrators of a deceased landlord, to enforce priority in payment of rent out of the proceeds of the sale, on execution, of the goods of a tenant, against execution-plaintiffs, and was founded on the 215th sect. of the art. in the R. S. of 1843, regulating distress. The magistrate granted a certificate of rent due, and an appeal was taken by the execution-plaintiffs. In the Circuit Court, the cause was submitted without a jury on an agreed case, and judgment rendered for the administrators.

The agreed case discloses a written lease in which the rent was reserved, and by which it appears that no fixed sum was payable and no certain time designated at which it became due; but the tenant was to deliver a certain number of bushels of wheat, corn, oats, &c., per acre, for each acre cultivated in those kinds of grain. It is clear that distress could not have been supported on this lease. *Clark* v. *Fraley,* 3 Blackf. 264.—*Purcell* v. *Thomas et al.* 7 *id.* 306; and the only question is whether the payment of a year's rent can be enforced against execution-plaintiffs upon contracts on which distress would not lie. A recurrence to the history and reason of the law will show that the answer should be in the negative. It was a common law principle that goods *in cus-*

*todia legis,* were not subject to distress. The consequence was, that when creditors procured the levy of executions upon the goods of tenants before landlords distrained for their rents, the landlords often lost their claims; "but it being thought hard in *England,* that they should not have something like a specific lien in such cases, the statute of 8 *Anne,* chapt. 14, sect. 1," was enacted, giving them a remedy for one year's rent and no more against execution-plaintiffs, and against goods before beyond their reach, being in the custody of the law. In adopting in this state the remedy by distress, we have introduced along with it, in substance, the provision of the 1st sect. of the 8 *Anne,* giving landlords a specific lien for one year's rent upon goods in the custody of the law; and it would seem clear, that as the object of the provision was to secure to landlords the benefit of a specific lien in certain cases where they were, by the operation of a principle of law, deprived of the right of distress, the remedy would only, by correct rules of construction, extend to those particular cases. And we are not left entirely without authority upon this point. In *New York,* substantially the same provisions relative to distress, and to the landlord's lien for a year's rent, as are contained in our own Code, have long been in force; and in *Russell* v. *Doty,* 4 Cowen, 576, it was held by the Supreme Court of that state, that the right to enforce payment of a year's rent against execution-plaintiffs, could only be maintained out of the proceeds of the sale of such goods as could be taken by distress but for the prior levy of an execution. The same principle requires us to decide that such payment cannot be enforced upon contracts on which distress will not lie. Woodfall's Landlord and Tenant, 326.—Broom's Legal Maxims, 392.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*W. H. Coombs* and *I. H. Kiersted,* for the appellants.

*J. B. Howe,* for the appellees.