MONCCJREv, J.
This is an action of debt brought on two obligations, by one of which, dated on the 27th day of March 1840, the obligor bound himself to pay to the obligee, or order, on or before the 25th day of March 1842, the sum of eight hundred and sixteen dollars and five cents, with interest from the 25th day of March 1841, “which sum may be discharged in notes or bonds due on good solvent men, residing in the county of Randolph, Virginia.” The other is a single bill obligatory, in the ordinary form, upon which no question arises in this case. The declaration is in the usual form of a declaration on common money bonds; taking no notice of the stipulation contained *in the first mentioned obligation, that it might be discharged in notes or bonds as aforesaid. The defendant craved oyer of the obligations, and demurred generally to the declaration, and each count thereof. The demurrer was overruled; and issue being thereupon joined on the plea of payment, verdict and judgment were rendered for the debt in the declaration mentioned, being the aggregate of the two sums of money in the obligations mentioned, with interest on each. To that judgment a supersedeas was awarded.
The error assigned in the judgment is that an action of debt would not lie on the obligation mentioned in the first count of the declaration, the same “not being for money, but for a specified ' amount of the notes or bonds of others of fluctuating and uncertain valueAnd consequently, that the court erred in overruling the demurrer to that count;
The action of debt only lies for money. On an obligation to pay or deliver any other article, covenant is the proper remedy; and the recovery is, of a compensation in damages. Bonds, bank notes and other choses in action are not money, but stand in the same category with other articles in this respect.
When an obligation is in a simple and single form, to pay money, or to deliver any other article, there is no difficulty ; and in the former case debt, and in the latter covenant, is the appropriate remedy.
But sometimes the form of the obligation is complex; to pay money in a fixed quantity of some other article; or to pay it in an article whose quantity is not fixed; or to pay money or some other article, in the alternative, on a certain day; or to pay money with a privilege to the obligor to discharge the debt in some other article on a certain day. And in these cases a difficulty often arises as to the meaning and effect of the obligation, and the proper remedy for a breach of it.
*When the obligation is to pay money in a fixed quantity of some *685 other article; as in so many bushels of wheat; or in wheat at a certain price per bushel; or in bonds, bank notes or other choses in action of a certain nominal amount, the authorities all seem to agree that the meaning and effect of the obligation is the same as if it had been in the simple form of an obligation to deliver the article, and that covenant is the proper remedy. Beirne v. Dunlap, 8 Leigh 514.
But when the obligation is to pay a sum of money in some other article of which the quantity is not fixed, the authorities are somewhat conflicting as to the meaning and effect of the obligation and the proper remedy for its breach. In Kentucky, it has been held that the proper remedy in that case also, is covenant and not debt. Watson v. McNairy, 1 Bibb 356; Bruner v. Kelsoe, Id. 487; Mattox v. Craig, 2 Id. 584; Noe, &c. v. Preston, 5 J. J. Marsh. 57; also in Arkansas, Jeffrey v. Underwood, 1 Pike’s R. 108; and perhaps in some other states. But the weight of authority, and I think the better opinion, is the other way. Such was certainly the opinion of this court in Beirne v. Dunlap, supra, in which the Kentucky cases to the contrary were disapproved. See also 2 Bac. Abr. title Debt A, citing And. 177; and Bollinger v. Thurston, 2 Rep. Const. Ct. S. C. 447; Bloomfield v. Hancock, 1 Yerg. R. 101; Young v. Hawkins, 4 Id. 171; Henry v. Gamble, Minor’s R. 15; Bradford v. Stewart, Id. 44.
An obligation to pay a sum of money in bonds, bank notes or other choses in action would seem at first view to fall under the last of the two above mentioned classes; and to be for payment in an article of which the quantity is not fixed. But in fact it falls under the first; and is for payment in an article of which the quantity is ascertained. This arises from the peculiar nature of the article ; “which is enumerated in dollars and cents as specie is.” Campbell v. *Weister, 1 Litt. R. 30. “To pay one hundred dollars in bonds or bank paper, (says Parker, J., in Beirne v. Dunlap,) means bonds or notes calling for that sum, which the obligors or banks are bound for.” — '“And if so, an action of debt will not lie, unless it would lie upon a promise to pay a fixed quantity of any commodity of fluctuating value. In this respect there is no difference between bank paper and any other commodity. Paper may rise or depreciate in value before the day of payment; and if the day passes when the contract is to be fulfilled, the measure of the obligee’s rights and of the obligor’s liabilities is the value of the notes on that day, to be ascertained by the verdict of a jury, and awarded in damages.” It was therefore held in that case that covenant and not debt was the proper remedy where the money was to be paid “in notes of the United States Bank or either of the Virginia banks.” The court construed the obligation to be, in effect, an obligation for the payment of bank notes and not of money. See also Jackson v. Waddill, 1 Stewart’s R. 579; Young v. Scott, 5 Alab. R. 475; Deberry v. Darnell, 5 Yerg. R. 451; January v. Henry, 2 Monr. R. 58; S. C. 3 Id. 8; Sinclair v. Piercy, 5 J. J. Marsh. 63; Day v. Lafferty, 4 Pike’s R. 450; Hudspeth & Sutton v. Gray, Durrive & Co., 5 Id. 157.
When the obligation is to pay a sum of money, or some other article, in the alternative, on or before a certain day; or to pay a sum of money, with a privilege to the obligor to pay it in some other article on or before a certain day, the obligor has his election to deliver the article on or before the day; but if he fail to do so, he is liable absolutely’ for the money, and of course to an action of debt for its recovery. Story on Cont. $ 969; Choice v. Moseley, 1 Bailey S. C. R. 136; Henry v. Gamble, Minor’s R. 15; Bradford v. Stewart, Id. 44; Crawford v. Daigh, 2 Va. Cas. 521.
Sometimes the obligation has apparently been for *the payment of bank notes or other currency than money; and yet the obligor has been held liable in an action of debt. In Crawford v. Daigh, 2 Va. Cas. 521, the note was for the payment of sixty-four dollars in good state bank paper, payable one day after date. The court was of opinion that state bank paper was not here mentioned as contradis-tinguished from money, but from other paper in circulation then less valuable than money. Payment was to be made in a currency of equal value to money, and one day after the date of the note. In this respect the case differed from Beirne v. Dunlap ; in which the obligation was for the payment in notes of the United States Bank or either of the Virginia banks more than a year after its date. These notes at the date of the obligation and when it .became payable, were current at par. But that they’ were so current when it became payable, was an accident, which, in the opinion of this court, did not affect the form of the remedy. They might have greatly depreciated in value in the mean time; and if they had so depreciated, the obligor would still have had the right to discharge his obligation by paying it in their nominal amount. In McConnel v. Caldwell, cited in 1 Yerg. R. 101, the promise was to pay four hundred dollars in specie, or current bank notes. The action of debt was sustained on the ground that the parties had referred their contract to a specie standard; and that the case was distinguishable from the leading Tennessee case of Gamble v. Hutchison, Peck’s R. 130, where the money was payable in current bank notes, and it was held that debt did not lie. In Spain v. Grove, 1 Minor’s R. 177, the promise was to pay one hundred and fifty-three dollars in good current money of the state of Tennessee equal in value to the said sum of one hundred and fifty-three dollars. The chief justice, in delivering the opinion of the court, said, “If it were necessary to impanel a jury to enquire *of the value of the Tennessee currency, the jury would be bound by the valuation fixed *686 on by the parties; the only inference we can draw from the expressions used in the note is that if paid in good Tennessee currency, the maker should make the payment equal in value to specie.” The action of debt was accordingly maintained.
While, therefore, certain general rules have been adopted, as means of ascertaining the intention of parties; the end in view in every case is, to ascertain the intention from the contract; and when so ascertained, effect will be given to it, if lawful.
Bet us now apply these principles to the case before us. The obligation was to pay, on or before a certain day, which was about two years after its date, a certain sum of money and interest, “which sum may be discharged in notes or bonds, due on good solvent men residing in the county of Randolph, Virginia.” I think this is clearly an obligation for the payment of a sum of mone3r, with a mere privilege to the obligor to discharge it in notes or bonds of the description mentioned, on or before the day on which it became payable; and having failed so to discharge it, he is liable to an action of debt therefor, according to the principles before stated. The promise to pay, in the first place, is absolute; and the form of expression which follows, to wit: “which sum may be discharged,” &c. indicates mere permission or privilege. The obligee had only a right to demand the money. He had no right to demand notes or bonds. The obligor had a right to pay in money; or in notes or bonds, provided he paid them on or before the day fixed for payment. From the terms of the obligation the debt was obviously a money debt; but the'obligor wished to have, and stipulated for, the privilege to pay it in notes or bonds of a certain description. It might or might not be convenient for him to pay in such notes or bonds. *He might or might not have them, or be able to get them; or might prefer to pay the money and keep the notes or bonds, if he had them. The obli-gee might have been as willing to receive notes or bonds as money, if they had been tendered to him in due time. And to compel him now to receive the value of such notes or bonds according to the uncertain assessment of a jury, would be gross injustice to him, as well as a palpable departure from the true intent and meaning of the contract. If the privilege had been to pay in bank notes, instead of the notes or bonds of individuals, there might have been some room for contending that notwithstanding the form of the obligation, it was in effect payable in bank notes. Bank notes are currency, though sometimes of depreciated value. And if they are of such value, it is certainly the interest of the obligor to discharge his obligation by paying them, and is generally more convenient for him to pay them than to pay money. But the notes or bonds of individuals are not currency; and whether it will be for the interest or convenience of an obligor to pay his debt in them or in money, is dependent on the peculiar circumstances of each case. This fact would be entitled to much consideration in determining the meaning of the obligation if its terms were not otherwise sufficiently plain, as I think they are.
The obligor having failed to pay the money in notes or bonds on or before the day fixed for its pa3'ment, and thus become liable absolutely for the payment of the money, an action of debt was maintainable against him for it; and it was itnnecessary for the declaration to charge the nonpayment of the debt in notes or bonds. The obligation then became in effect a simple and single bill obligatory. In Crawford v. Daigh, supra, the note was for the payment of money in good state bank paper; and yet the court held that after the day fixed for such payment was passed, it was *a note for the payment of money onl3r, and being set out as such in the declaration, was set out according to its legal effect. See also Henry v. Gamble, supra. A fortiori, when the obligation is to pay money, with a mere privilege to the obligor to pay in some other article on or before a certain day, it is unnecessary to take any notice of such privilege in the declaration. See Bradford v. Stewart, supra. The privilege is in the nature of a defeasance, which need never be stated in a declaration, but is matter of defense, and ought to be shown in pleading by the opposite part3r. 1 Chit. Pl. 255.
I am for affirming the judgment.
DANISH/ and SAMUIDI/S, Js., concurred in the opinion of Moncure, J.
Judgment affirmed.