May Term,
1857.

MANLY
v.
HUBBARD.

---

## MANLY *v.* HUBBARD.

A point not made in the Court below will not be considered in this Court.

The bill of exceptions in this case closed with the words—"the rough notes of the Court, comprising the material points of the evidence." *Held*, that this was not sufficient under rule 30.

Where the evidence is not in the record, the instructions, if correct under a supposable state of facts, will be held to be pertinent to the issues, and applicable to the case made.

A paragraph of an answer alleging a total failure of consideration, but showing on its face only a partial failure, is bad on demurrer.

The overruling of a demurrer to such a plea, is error sufficient to reverse the judgment.

Thursday,
June 4.

APPEAL from the *Fayette* Court of Common Pleas.

STUART, J.—Suit by *Manly* against *Hubbard*, on a promissory note for the delivery of one hundred thousand *Osage* orange plants.    Breach, refusal to deliver, &c.

The defendant answered in several paragraphs—

1. No consideration.

2. That the note was given in part consideration for the sale and transfer of a patent right for parts of *Indiana* and *Michigan*, in which territory it was falsely and fraudulently represented that the patent had not been offered for sale; that the pretended improvement was worthless; and that, therefore, the consideration had wholly failed.

3. The third paragraph denies the authority of the attorney in fact, to sell, &c.

May Term,
1857.

MANLY
v.
HUBBARD.

4. And the fourth paragraph sets up that *Manly* holds the note in trust for *Payne*, the payee, to whom it belonged, and that *Manly* had no interest in it. This paragraph is verified by affidavit.

Demurrers to the first, second, and third paragraphs, and motion to reject the fourth paragraph of the answer, were severally overruled, and exceptions taken.

Trial by jury, and verdict for the defendant. Motion for a new trial overruled, and exception to that ruling also taken.

The first point argued is, as to the right to open and close. The plaintiff claimed that right, which was denied by the Court. But on a careful examination of the transcript, that point does not appear to have been made in the Court below; and, therefore, cannot be considered here. *Priddy* v. *Dodd*, 4 Ind. R. 84 (1).

The record does not purport to contain all the evidence. It is certified to be "the rough notes of the Court, comprising the material points of the evidence." This is not a sufficient compliance with the rule requiring all the evidence (2).

The instructions given are not erroneous under a supposable state of facts; and we will, therefore, presume in favor of the lower Court, that the instructions given were pertinent to the issues, and applicable to the case made in evidence (3).

The demurrer to the second paragraph was well taken, and should have been sustained. That pleading professed to be an answer to the whole complaint. But admitting the facts stated to be true, it did not contain facts sufficient to bar the whole action. The failure alleged went only to part of the consideration; while the plea itself showed there was another part of the consideration which had not failed. Thus, the territory sold in *Michigan* was but part of the consideration of the note; and the second paragraph of the answer went only to that part. The territory in *Indiana*, which also formed part of the consideration, was unnoticed. The presumption against the pleader would be, that

May Term,
1857.

MANLY
v.
HUBBARD.

this was at least of the value at which it was estimated in the sale of the patent. So that the plea which set up an entire failure of consideration, showed only a partial failure. He could as well have pleaded a partial, as an entire failure of consideration, had he so framed his answer. *Webster* v. *Parker*, 7 Ind. R. 185. The Court, therefore, erred in overruling the demurrer. It was not what it professed to be, a bar to the action. 5 Blackf. 462.

Is this error sufficient to reverse the judgment? We think it is. We are, in the language of the statute, not satisfied "that the merits of the cause have been fairly tried and determined in the Court below." 2 R. S. p. 163.

The evidence offered and admitted to show that the payee of the note had offered the patent for sale in *Michigan*, was purely hearsay, and inadmissible. For instance, at one place where the vendors of the patent offered it, several persons said they thought the same patent had been offered there before. This might have been sufficient to put the vendees upon inquiry as to where and by whom it had been so offered. Had they been able to ascertain that it had been offered for sale by *Payne*, the payee of the note, or by his authority, they could have taken depositions in *Michigan*, addressed to that point. But what the people of a village in *Michigan* thought about the patent—or even had they both thought and said that it had been offered for sale by *Payne*, it would still be too obviously hearsay evidence to merit a moment's consideration, or go to the jury for any purpose. The witness on the stand would be swearing not to what he knew to be facts, but to what certain persons in *Michigan*, who were not under oath, said were facts.

As the case must go back for a new trial, we have noticed this point that the issue of partial failure of consideration may be properly made and submitted to the jury, upon proper evidence.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*M. J. Kelly*, for the appellant.

(1) *Boggs* v. *The State*, 8 Ind. R. 463.

(2) See, exactly in point, *Jarvis* v. *Strong*, 8 Ind. R. 284; *Cully* v. *Imell, id.* 456; *Nutter* v. *The State, ante*, 179; *The Jeffersonville, &c., Railroad Co.* v. *Butler, id.* 205.

(3) *Jarvis* v. *Strong*, 8 Ind. R. 284; *Atkinson* v. *Gwin, id.* 376; *New Albany, &c., Railroad* v. *Callow, id.* 471; *Mansur* v. *The Indianapolis, &c. Plankroad Co. id.* on p. 490; *Woolley* v. *The State, id.* 502. See, also, 5 Blackf. 112; *Id.* 210; *Id.* 498; 8 *id.* 95; 2 Ind. R. 230; Indices of 3, 4, 5, 6 and 7 Ind. R. tit. Instructions.