## COYNER *v.* LYNDE, and Another.

Where the evidence is not in the record, the verdict of a jury will not be disturbed by the Supreme Court, except in extreme cases.

Where a party abandons his contract, the opposite party has his election to sue or make a new agreement; and if in such new agreement he make new

May Term, 1858.

COYNER
v.
LYNDE.

or additional promises, dependent upon the performance of the work contracted for, and the party abandoning the original contract, in consideration of such new promises complete the work, the promises are binding.

Such new agreement may by its terms, or by legitimate implication, dispose of any right of action arising under the previous contract.

Instructions given to the jury, if not in themselves erroneous under a supposable state of facts, will, in the absence of the evidence, be presumed to be correct; and instructions refused will, in that state of the record, be presumed to have been incorrect.

APPEAL from the *Wayne* Circuit Court.

Monday,
May 31.

HANNA, J.—The appellant was the plaintiff, and the appellees the defendants. The plaintiff was a contractor with the *Richmond and Newcastle Railroad Company*, for the construction of a portion of said road. The defendants undertook, and agreed with the plaintiff, to complete a portion of that contract, to-wit, to grade the road, for which they were to receive from the company the same rates per yard, &c., that the plaintiff was to have received, and said defendants were to pay the plaintiff a certain portion of the sum so received, to-wit, so much per yard, &c., as a premium, or for the privilege of said contract. This suit is for that sum, which was to have been thus paid by defendants to plaintiff.

The Court overruled the demurrer to the sixth paragraph of the defendants' answer, and gave and refused certain instructions directed to the points involved in that paragraph. Of these rulings the plaintiff complains.

The sixth paragraph is, in substance, that after the plaintiff and defendants had entered into the agreement sued on, it was ascertained that the prices at which plaintiff had undertaken with the company to do the work, were greatly inadequate; that it would be a losing business to prosecute the work; that upon such discovery, the defendants determined to abandon the contract, and leave the plaintiff to perform it; that the plaintiff, knowing he would suffer loss to complete the same himself at the prices, "in view of said facts, and to induce the defendants to go on with said work, and not throw the same on the hands of said plaintiff, he, said plaintiff, agreed that if said defendants would agree to continue to prosecute said work to

final completion, and procure additional and extra pay from said company, which, with the amount agreed to be paid plaintiff, would enable them to complete said work, and save him from prosecuting the same, he, the said plaintiff, then and there agreed to release and acquit them from said payment, &c.; that relying on this promise, and an agreement of the company to pay them an additional compensation, they completed said work.

It is insisted by the plaintiff that there was not, nor is there alleged to be, any consideration for this new promise, and it was therefore void; whilst, by the defendants, it is argued that the contract was, in effect, abandoned, and the work afterwards resumed because of the new promise, and that such resumption of work was a sufficient consideration for the new agreement to pay a different sum, to-wit, the whole, instead of a part, of the original contract price.

Whether the contract between the plaintiff and the defendants was abandoned or not, by the defendants, was a question to which the attention of the jury was fairly called by the instructions, and the law stated to them upon such a state of facts, if found. Under these circumstances, we cannot disturb their finding, especially as the whole evidence is not in the record. *Mills* v. *Riley*, 7 Ind. R. 138.

From the verdict of the jury, it is evident that they must have come to the conclusion that the contract had been abandoned. If it was abandoned, the plaintiff had his election, either to sue the defendants for non-performance, or to obtain the completion of the work by a new arrangement. If, in making such new arrangement or agreement, new or additional promises were made to the defendants, dependent upon the completion of the work, and the defendants, in consideration of such promises, completed the work, we do not see anything to prevent such promises from being binding. *Monroe* v. *Perkins*, 9 Pick. 302.—14 Johns. 330. Such new agreement might embrace in its terms, and definitely or by legitimate implication dispose of, any right of action which the plaintiff had, under the previous contract, against the defendants for failure to perform, or for portions of the sum due for work done, so

far as it had progressed. 4 Ind. R. 75.—7 *id.* 597. Whether a new agreement was made, and if so, whether the defendants were absolved thereby from the payment of the *bonus* previously agreed upon, were also questions of fact for the jury, and were, so far as we can see, properly submitted to them, and we cannot disturb their verdict thereon.

In the case cited in 14 Johns., the plaintiff undertook by agreement under seal, to construct a certain cart-way for the sum of 900 dollars. After progressing with the work, he ascertained that the price was inadequate, and determined to abandon the contract; whereupon the defendant agreed verbally to release him from the contract, and pay him by the day, if he would complete the work, which he did; and in a suit for work and labor, the second contract was considered binding. So the case in 9 Pickering was for work and labor, &c., in the erection of a hotel. Defense, a special contract, &c. Reply, waiver of the contract, and new promise, &c. And although, so far as can be gathered from the opinion, the evidence of an abandonment of the original contract was not by any means strong, yet the verdict of the jury is adverted to as settling that question. See, also, 7 Ind. R. 138.

As the evidence is not in the record, the presumption which we have often decided would arise in reference to instructions given and refused, would prevent us from saying that the instructions given in this case were improper; and so, also, as to the ruling of the Court in refusing those that were asked. 9 Ind. R. 115.—*Id.* 230.—*Id.* 286.—8 *id.* 502.—7 *id.* 531.

*Per Curiam.*—The judgment is affirmed with costs.

O. P. Morton, C. H. Test and J. M. Wilson, for the appellant.

W. A. Bickle, for the appellees.