Hunter *v.* Thomas.

*S. K. Wolfe,* for appellees.

———●———

## HUNTER *v.* THOMAS.

PRACTICE.—*Appeal.*—*Evidence.*—To justify the Supreme Court in reversing a judgment, error must affirmatively appear by the record. If evidence excluded might have been objectionable as irrelevant under the issues, or under the evidence, it will be presumed to have been properly excluded, where none of the evidence is in the record.

APPEAL from the Warren Circuit Court.

FRAZER, J.—Error must affirmatively appear by the record, to justify this court in reversing a judgment. In the case before us, the complaint is that the court below erred in excluding evidence offered by the appellant, who was defendant below. If the evidence which had been given by the plaintiff had identified the transactions which constituted the basis of the alleged malicious prosecution as having occurred in the month of May and not in September, as indeed may possibly be inferred from the language of the bill of exceptions, then the excluded evidence, tending to prove that in September the plaintiff had done such acts as would afford probable cause for a prosecution against him for an offence similar to that charged in the prosecution alleged to be malicious, would have had no pertinency to the case. No part of the evidence is in the record, and we may, therefore, assume in support of the judgment, that the evidence was of the character indicated. It is certainly clear that actual guilt of assault and battery in September would afford no cause for a prosecution for an assault and battery committed in May.

There have been, in this court, many applications of the rule, that a judgment will not be reversed unless error affirmatively appears. Thus, the refusal of instructions to a jury which state the law correctly will not reverse, unless it appears that the instructions were applicable to the evidence; otherwise it will be presumed that they were not. *Stump* v. *Hart*, 14 Ind. 438; *Coyner* v. *Lynde*, 10 Ind. 282. So, where the nature of the evidence does not appear, instructions given will be sustained if right in any possible state of facts. *Id.* See, also, *Manly* v. *Hubbard*, 9 Ind. 230, and note 3. In *Blaney* v. *Findley*, 2 Blackf. 338, it was said, "If there were any facts that could have been legally before the court that would authorize their judgment, we are bound to sustain it." In *Rogers* v. *Lamb*, 3 Blackf. 155, evidence had been admitted below, the relevancy of which did not appear from the record, the whole evidence not being incorporated. Judge BLACKFORD said, "Circumstances may easily be conceived

of, under which this affidavit was admissible; and, in support of the judgment below, we must presume that such circumstances existed."

The rule is wholesome. It leaves little room to the party appealing to this court to hope to obtain a reversal by omitting from his bill of exceptions matter essential to a fair review of the action of the lower court.

Affirmed, with costs.

### ON PETITION FOR A REHEARING.

PETTIT, J.—This case was decided by our predecessors, judges of this court, more than a year ago, and is now before us on a petition for rehearing. Both parties have presented long and earnest briefs, and after a careful consideration of them, the record, original briefs, and the opinion in the case, we approve of the latter, and overrule the petition.

*B. F. Gregory, J. Harper,* and *J. McCabe,* for appellant.

*L. T. Miller* and *J. M. Butler,* for appellee.