ROYAL
v.
BAER.

*Monday,*
*December* 9.

———————————

ROYAL *v.* BAER.

Where an order of reference does not require the referee to report to the Court the facts found by him, he has no authority to report them, and there is nothing before the Court upon which to base exceptions to the findings of the referee on the evidence.

*Monday,*
*December* 9.

APPEAL from the *Tippecanoe* Circuit Court.

DAVISON, J.—*Baer*, who was the plaintiff, sued *Royal* upon an agreement in writing, as follows:

"Article of agreement between *John Roya'*, of the first part, and *Jacob Baer*, of the second part, witnesseth: The party of the second part agrees to do the mason work for a brick house, for the party of the first part, *in a workmanlike manner*, and furnish all the materials and hands for doing the same, (plastering not included.) The party of the first part agrees to pay the party of the second part, for the said work and materials, eight dollars per thousand, to be measured in the wall, twenty-two brick to the foot, windows, doors, and sash openings included in the measure; and also agrees to haul the brick from the kiln in *Dayton*, to the house; also agrees that five hundred and fifty dollars, the

probable cost of the brick, is now due and drawing interest. The party of the first part further agrees to pay to the party of the second part, while the work is progressing, sufficient to pay hands and boarding, and to pay for all the work when the house is done.

"In witness whereof we have hereunto set our names, this 10th of *September*, 1857.

(Signed) "JOHN ROYAL,<br>"JACOB BAER."

Plaintiff, in his complaint, avers that he has performed all the stipulations in the agreement, to be done by him, viz., that. he has done the mason work for said brick house, entire, being 218,225 bricks, at eight dollars per thousand, amounting to $1,745, for said work, $550 of which should draw interest, per contract, since *September* 10, 1857. But plaintiff, in fact, says that defendant has failed to perform the stipulations on his part to be performed, in this: 1. He has failed to pay said $550, made due by contract. 2. He neglected to haul the bricks from the kiln at *Dayton* to said house, and thereby, and otherwise, delayed the plaintiff in the prosecution of the work for eighteen days, to his damage $90. 3. Upon the completion of the work, the same was, by agreement of the parties, measured in the wall, in accordance with the agreement, and amounted to 218,225 bricks, making, at eight dollars per thousand, $1,745, which was not paid on the completion of the work, &c. There is a second count of the complaint, which alleges that defendant is indebted to plaintiff $1,745, for work done and materials furnished in the construction of a brick house for the defendant, &c. Wherefore the plaintiff demands judgment, &c.

Defendant answered: 1. By a denial. 2. That he performed all and singular the duties required of him by said agreement, but he denies that the plaintiff did the like on his part; and defendant, in fact, says that plaintiff failed to perform said work in a workmanlike manner, by reason whereof he, defendant, has been damaged $1,500, &c. 3. That plaintiff is indebted to defendant upon an account, the items of which are set forth, amounting in the aggregate to $2,829, which he offers to set-off, and prays judgment for the

excess, &c. Replies in denial of the second and third paragraphs of the answer.

The record shows that the issues having been completed, the cause was, by agreement, referred for trial to *Robert C. Gregory*, an attorney of that Court, as referee, and that he should report at the next term, &c.

After this, at the *October* term, 1858, the referee made his report, which, after referring to certain evidence and commenting thereon, concludes thus:

"I state the account between the parties as follows:

"172,230 bricks in the wall, at $6.50 per M···$1,119.49
    3,500 bricks furnished to complete the wall,
      at $5.50 per M·····················    19.25

                                $1,138.74

DEDUCT

Order to Carter,····················$275.00
Cash paid Baer,····················· 126.75
Cash paid hands,···················· 140.00
Order to Favoute, ··················· 28.75
   "     "   Dryer,···················· 6.50
   "     "   Pedan, ···················· 34.18
14¾ weeks' board, at $1.75,········· 26.81
Thomas Royal's account, ············ 196.42
                          $833.44

                          $305.30

"So I find for the plaintiff, and assess his damages at three hundred and five dollars and thirty cents, that being the amount I find due and owing from the defendant to the plaintiff, for, and on account of, the matters referred to me by order of this Court.

"*August* 27, 1858.    "ROBERT C. GREGORY." [SEAL.]

To this report the defendant excepted, as follows: 1. The finding is unsustained by the evidence, and is based upon an erroneous consideration of the evidence. 2. The finding and report show that the defendant has not been allowed the full amount of his just damages as proved by the evidence. 3. The finding and report show that there was an

error in the assessment of the amount of the recovery; the same being too large, and the report showing that, from the evidence, the plaintiff was entitled to no damages." The Court overruled the exceptions, and, having refused a new trial, rendered judgment upon the finding, &c.

We have given the conclusion of the report, but have not copied it entire in this opinion. It is enough for the consideration of this case, that the referee has not reported the facts proved; nor was he required to do so by the order of reference. And this being the case, there is nothing before us upon which to base an opinion, whether the exceptions to the report were, or not, well taken. There is, indeed, but one way of bringing such facts before the Court, viz., "by requiring the referee to report the facts found and the conclusions of law separately, and then, upon exceptions taken, the Court will review the decision of the referee, as it would its own proceedings on motion for a new trial." *The Indiana, &c. Railway Co.* v. *Bradley*, 7 Ind. 49; *Trustees, &c.* v. *Huston*, 12 *id.* 276; *Ware* v. *Adams, id.* 359; *Thornburgh* v. *Ollman*, at the present term. In this instance, the facts are not reported; but if they were, they could not be deemed legitimately before the Court, because the order of reference gave the referee no authority to report them.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*G. S. Orth* and *J. A. Stein*, for the appellant.

*W. C. Wilson* and *Geo. Gardner*, for the appellee.