## TOLEDO, PEORIA & WARSAW RAILWAY COMPANY
### *v.*
### MARTIN ARNOLD.

1. DAMAGES — *measure of for killing stock — when compensatory.* In an action on the case against a railroad company for stock killed by its trains, where such injury was purely accidental, and resulted simply by reason of the failure of the company to fence its road, the measure of damages is the value of the property destroyed.

2. SAME — *vindictive will not be allowed.* In such case, where aggression and malice are not present, the claim to compensation rests solely upon the value of the property destroyed, and a recovery cannot be had beyond that amount.

3. SAME — *when excessive — verdict will be set aside.* And when the damages given are greater than the proof allowed, the verdict will be set aside, as not warranted by the evidence.

Writ of Error to the Circuit Court of Tazewell county; the Hon. James Harriott, Judge, presiding.

This was an action on the case brought by defendant in error, in the Circuit Court of Tazewell county, to recover damages for stock alleged to have been killed by the cars, on the railroad of the plaintiff in error, by reason of the failure of the company to fence its line of road. The case was tried before a jury, who returned a verdict for the plaintiff for $441; a motion for a new trial was made, and overruled by the court, and judgment rendered on the verdict; whereupon, the defendant prosecuted a writ of error to this court.

Messrs. Ingersoll & Puterbaugh, for the plaintiff in error.

Mr. B. S. Prettyman, for the defendant in error.

Mr. Justice Breese delivered the opinion of the Court:

The only ground on which this court can interfere in this case, is that the damages are greater than the proof allowed.

The action was brought to recover damages for killing certain live stock of the plaintiff, not intentionally, by the defendants, or by proving negligence in running their trains, but by the inference of negligence by reason of their failing to fence their road.

The plaintiff's claim to compensation manifestly rests upon the value of the property destroyed, and upon nothing else. The measure of the damages would then be, necessarily, the value of this property. It is not a case for punitive damages, or vindictive damages, as claimed by the defendant in error. It comes under that class denominated compensatory damages, which are given in cases where aggression and malice are not present, and they are intended to furnish actual compensation, as near as may be, for the actual injury done. To illustrate: A happens, accidentally, in the performance of a lawful act, in a lawful manner, to kill B's horse. It would be preposterous to contend, that B should punish him in damages beyond the value of the horse, for an act he did not intend to do. So here, there-

is no aggression or malice pretended, but a mere accident, for the occurrence of which the plaintiff was responsible in a certain degree, in allowing his stock to roam about on land traversed by a railroad. The law pardons this, his negligence, but it does not require smart money shall be given to him, over and above the just value of his property destroyed. No circumstances of aggravation are shown or pretended. The proofs in the cause show, that the total net value of the animals killed, and proved to be the property of the plaintiff, was four hundred and eleven dollars. The verdict was for four hundred and forty-one dollars, thirty dollars more than the proved value of the property. There is no proof whatever, that the steer killed was the plaintiff's, nor is it claimed in the declaration. The verdict is not warranted by the evidence. The amount of the recovery is unjust, and cannot be sanctioned.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*