PITTS *v.* LANGSDALE and Another.

REFEREES.—*Appointment of.*—*Report of.*—A pending cause was referred under the following order: "By the written consent of the parties, and by

the consent of their attorneys in open court, this cause and all the issues joined therein are now referred to A., B., and C., three disinterested persons mutually chosen in open court; and said referees are ordered to report their proceedings at the present term of this court." The written agreement was, "to submit all the matters in controversy in the above action to the referees chosen by the parties—A. and B.—and in case they cannot agree, they are to choose a third person as umpire."

*Held,* that the referees were not required to make a special finding.

*Held,* also, that the report, which was signed by only two of the referees, was not, for that reason, defective.

*Held,* also, that the fact that C. acted as one of the referees could not be complained of on appeal.

SAME.—*Costs.*—Where a pending suit is referred to referees, their report stands as a verdict, and need not say anything about the costs.

APPEAL from the Marion Circuit Court.

GREGORY, J.—This case was referred under the following order: "And by the written consent of the parties, and by the consent of their attorneys in open court, this cause and all the issues joined therein are now referred to Byron K. Elliott, Samuel H. Beckner, and Charles C. Campbell, three disinterested persons mutually chosen in open court; and said referees are ordered to report their proceedings at the present term of this court."

The written agreement was, "to submit all the matters in controversy in the above action to the referees chosen by the parties, Samuel H. Beckner and Byron K. Elliott, and in case they cannot agree, they are to choose a third person as umpire."

The referees reported their finding and the evidence taken by them to the court. The report shows that all the referees acted, but only two of them concurred in and signed it.

The appellees moved the court for judgment on the finding, but before that motion was decided the appellant filed his exceptions to the report, which were overruled on a demurrer thereto.

There is nothing, either in the order of reference or in the agreement, requiring the referees to make a special finding.

It is claimed that the report is defective in not being signed by all the referees. The statute settles this question against the appellant. 2 G. & H. 348, sec. 24.

When a pending suit is referred to referees, their report stands as a verdict, and need not say anything about the costs, as in such case the judgment will be on the report as a verdict, the successful party being entitled to costs.

The order of court designated the referees. This order was made in open court, by the consent of the parties, and without any objection whatever; the appellant has no right to complain that Campbell acted as one of the referees.

Judgment affirmed, with costs.

*M. M. Ray, J. W. Gordon,* and *W. March,* for appellant.
*A. G. Porter, B. Harrison,* and *W. P. Fishback,* for appellees.