*G. V. Howk, C. D. Howk,* and *W. W. Tuley,* for appellant.

---

### CONKLIN ET AL. *v.* MORTON ET AL.

REFEREE.—*Report.*—When a referee has made his report, his powers and functions are ended, and a subsequent report is a nullity and should be disregarded.

APPEAL from the Wayne Circuit Court.

WORDEN, J.—This was an action by the appellants against the appellees, to recover possession of certain real estate, and to quiet the title thereto.

The answer of the defendant Morton set up that he had an equitable mortgage on the property, and he sought to have his claim adjusted and his lien on the property declared and enforced. Issues were formed, and by the agreement of the parties the cause was referred to a referee for trial.

The referee made his report, to the court, of the facts

found by him, and among other things he found that there was due to Morton, on the claim set up by him, the sum of seven hundred and eighty-seven dollars and seventy-one cents. After having made this report, the matter not having been again referred to him, he made a further report, in which he says, that "he has, since making his report herein, made a further examination of the evidence and pleadings herein, and finds and now reports to the court that his former report should be corrected in these three particulars, to wit:" etc. The three particulars are then stated, and the conclusion arrived at that there was due to Morton the sum of eight hundred and eighty-seven dollars and ninety-one cents, instead of the sum stated in the former report.

The plaintiffs took exceptions to the alteration of the report of the referee, but the exceptions were overruled, and they excepted. Judgment was then rendered on the report of the referee as thus amended. In this, we think, the court erred. When the referee had made his report, his functions as such referee were ended. When a referee has made his report, his powers and functions are as much ended, as are those of arbitrators when they have made their award, or of a jury when they have rendered their verdict and been discharged. The subsequent report of the referee was a nullity and ought to have been disregarded. There were some objections made by the plaintiffs to the original report of the referee, but the questions made, we think, do not arise upon the record. We are of opinion that judgment should have been rendered in accordance with the original report of the referee allowing Morton, as therein specified, the sum of seven hundred and eighty-seven dollars and seventy-one cents.

The judgment below is reversed, with costs, and the cause remanded to the court below, with instructions to render judgment in accordance with the first report of the referee, allowing Morton interest on the seven hundred and eighty-seven dollars and seventy-one cents, from the time of the report up to the time when judgment shall be rendered.

*F. W. Medsker*, for appellants.