REID ET AL. *v* THE STATE, EX REL. FRYBARGER, ADM'R.

MASTER COMMISSIONER.—*Report.*—Where a cause is referred to a master commissioner, his finding of the facts and his conclusions must be such that a judgment can be rendered thereon; and, if they are so imperfect that judgment can not be rendered, the court, before discharging him, should require him to perfect the same.

SAME.—*Suit on Administrator's Bond.—Interest.—Penalty.*—In an action on the relation of an administrator *de bonis non* of the estate of a decedent, on the bond of his predecessor, the cause was referred to a master commissioner, who reported that a certain sum, belonging to such estate, remained in the defendant's hands, but that such sum included no interest; whereupon the court rendered judgment for an amount including such sum, with interest thereon and a penalty.

*Held,* on motion for a new trial, that the addition of such interest and penalty by the court was erroneous.

*Held,* also, that the master commissioner, in his finding, might have allowed interest and penalty.

From the Fayette Circuit Court.

*W. Morrow* and *N. Trusler,* for appellants.

*B. F. Claypool,* for appellee.

PERKINS, J.—Suit by the State, on the relation of Charles Frybarger, administrator *de bonis non* of the estate of George Frybarger, deceased, against the appellants, on the bond of the previous administrator.

After the issues were made, "by agreement of parties, the cause was referred to George B. Sleeth, master commissioner, to hear the evidence in the same, and report his finding thereon at the next term of this court."

At the next term, and upon the 9th day of July, 1875, the commissioner made his report. He found there were assets in the hands of the administrator defendant, belonging to the administrator plaintiff, to the amount of two thousand three hundred and twenty-four dollars and sixty cents, "upon which," states the commissioner in his report, "no interest has been counted or included since July, 1873."

Upon this report, the plaintiff moved for judgment for

the amount found by the commissioner, increased by interest from July, 1873, and by the further sum of two hundred and thirty-two dollars and forty-six cents, as penalty, which motion the court sustained, and rendered judgment for twenty-seven hundred and forty-four dollars and twenty-one cents, to which the defendants objected and excepted.

A motion for a new trial, on account of excessive damages, was overruled.

Errors are assigned.

It is insisted that the court had no right to render a judgment for a greater sum than that stated in the report of the master commissioner. This is the only point relied on by the appellants in their brief in this court.

It would seem that the position of the appellants is well taken.

Different agencies may be entrusted with the power of determining the facts in controversy between litigants, and stating the proper conclusions thereon. A jury, a referee, or the court may perform this duty; but where the duty in the premises, imposed upon any one of these agencies in a given cause, is general, the entire duty must be performed by that agency. A jury must find a verdict upon which a judgment can be rendered. So a general referee, which, in legal effect, the referee was in this case, must make a final report upon the whole case, upon which the court must render judgment. If not such, when returned, the court, before discharging the referee, should require him to perfect his report or finding. See *Medler* v. *Hiatt*, 14 Ind. 405; *Mitchell* v. *Geisendorff*, 44 Ind. 358.

In this case, the finding of the referee was in favor of the plaintiff, in the sum of twenty-three hundred and twenty-four dollars and sixty-four cents.

To this sum, the court, on motion of the plaintiff, in rendering judgment, added, as interest and penalty, the sum of four hundred and nineteen dollars and fifty-seven

cents, making the judgment rendered twenty-seven hundred and forty-four dollars and twenty-one cents.

The appellants objected and excepted to this action of the court.

The referee did not allow this interest. It does not appear why he did not. Equitable circumstances, in his opinion, may have rendered his action right and proper. It does not appear, that the amount was "money withheld." For this reason the report of the referee did not furnish the court with data upon which to render a judgment differing in amount from the report of the referee. It was not for the court to supplement his finding by adding thereto.

In *Conklin* v. *Morton*, 40 Ind. 76, the court allowed interest on the amount reported by the referee, "from the time of the report up to the time when judgment shall be rendered."

This was right, but does not justify the action of the court in this case. And it would seem that the practice as to rendering judgment, directed to be pursued in the above cited case, should be followed in the present. It has been held, that interest upon a verdict, in an action for a tort, can not be added. *Blickenstaff* v. *Perrin*, 27 Ind. 527.

It was competent for the referee to include damages in the amount reported by him. 2 R. S. 1876, p. 551, sec. 163.

The judgment is reversed, with costs, and the cause remanded for further proceedings in accordance with this opinion.