## WAY v. FRAVEL.

PLEADING.—*Defect of Parties.—Exhibit.—Partnership.*—A complaint against a member of a co-partnership alleged, that, at the request of the defendant, the plaintiff had rendered services of a certain value in the settlement of the partnership business; that such co-partnership had been dissolved, and the final settlement of the partnership business placed in the hands of the defendant, pursuant to a written agreement of dissolution, made part of the complaint by copy, whereby the defendant had agreed to pay off the partnership debts upon realizing sufficient means out of the partnership assets; and that sufficient means had been realized by the defendant, out of such assets, to pay all of the partnership debts.
*Held*, on demurrer for a defect of parties defendants, that such exhibit forms no part of the complaint, and can not be looked to in determining the demurrer, that the complaint discloses a good cause of action against the defendant alone, and that the other member of the co-partnership is not a necessary party defendant.

PRACTICE.—*Trial by Referees.—Special Finding.*—Where a party to an action which has been referred to referees desires that the facts shall be found, and the conclusions of law stated, separately, the better practice is to have the order of reference require the referees to make such finding;

but he may make his request for such finding to the referees themselves, and it is their duty to comply therewith.

SAME.—*Record.*—*Error of Referees.*—*Bill of Exceptions.*—Where such request is made to the referees and refused, he must, to make the refusal available as error and part of the record, except thereto at the time, and file his bill of exceptions, duly signed and sealed by the referees.

SAME.—*Report of Referees.*—*Time of Filing.*—*Discretion of Court.*—The court ordering such reference may, in its discretion, especially where no objection is made, allow the referees to file their report at a day subsequent to that on which, by the order of reference, it should have been filed.

From the La Porte Circuit Court.

*A. L. Osborn*, *W. H. Calkins* and *D. J. Wile*, for appellant.

*M. H. Weir* and *W. B. Biddle*, for appellee.

HOWK, J.—In this action the appellee, as plaintiff, sued the appellant, as defendant, in a complaint of three paragraphs, in the court of common pleas of La Porte county, Indiana.

The appellant demurred to each of the paragraphs of said complaint, upon the following grounds of objection:

1st. That it did not state facts sufficient to constitute a cause of action; and,

2d. For a defect of parties defendants to the action, in this: that one Alfred Lomax was a necessary party defendant to the action.

These demurrers were severally overruled, and to each of these decisions the appellant excepted.

The appellant answered in thirteen paragraphs, the first being a general denial, and each of the others setting up affirmative matters by way of defence.

Replies, in general denial, were filed to the affirmative paragraphs of answer.

Afterward, at the February term, 1873, of said court of common pleas, it was ordered that the cause be transferred to the court below. In this latter court, by the agreement of the parties in open court, all the matters in controversy in this action were referred to Seth Eason, Durand C. Alexander and James Moore. Afterward, on

the 7th day of May, 1874, the said referees reported their award in writing to the court below, in favor of the appellee, in the sum of two hundred and fifty dollars. To this award, the appellant filed written exceptions, to which exceptions the appellee demurred, upon the ground that said exceptions did not, nor did either of them, state facts sufficient to constitute a valid objection to said award. This demurrer was sustained, and to this decision the appellant excepted; and thereupon the court rendered judgment in favor of the appellee, and against the appellant, for the amount of said award.

In this court, the appellant has assigned as errors the following decisions of the court below:

. 1.   In overruling the appellant's demurrers to the first, second and third paragraphs of the appellee's complaint;.

2.   In overruling the appellant's exceptions to the referees' award, and in sustaining a demurrer thereto; and,

3.   In refusing to sustain the appellant's exceptions to the referees' award.

We will consider and decide the several questions presented by these alleged errors in the order of their assignment.

1.   In the first paragraph of his complaint, the appellee alleged, in substance, that, on the 1st day of September, 1870, and for a long time before and after that day, the appellant and one Alfred Lomax were partners, under the firm name of Way & Lomax, and on said day the appellant employed the appellee as book-keeper, and a person skilled in the settlement of accounts, to post, settle and adjust the books of account of the said firm, as between said firm with all persons whatsoever, and as well between the individual members thereof, and agreed to pay for such services what the same should be reasonably worth; that, by the terms of said employment and by appellant's request, the appellee entered upon said labor, and was employed therein for the period of seventy days; that his said services were reasonably worth

five dollars per day, whereby the said Way & Lomax became indebted to appellee in the sum of three hundred and seventy-five dollars, which remains unpaid; that, immediately upon the settlement of said accounts, to wit, on or about the 29th day of December, 1870, the said firm of Way & Lomax was dissolved, and, by the terms of a certain written contract, executed by said parties, it was agreed that the appellant should pay all the debts of said firm of Way & Lomax; that the appellee then and there consented to the terms of said contract, and accepted the liability of the appellant, instead of that of said firm, a copy of which written contract was filed with said paragraph of the complaint; and that the appellant had collected a sufficient amount of the assets of said firm to fully pay all the debts of said firm, and had failed and refused to apply the same, or any part thereof, to the payment of appellee's said debt.

As we have seen, the appellant demurred to this paragraph of the complaint upon two grounds of objection, namely, a want of sufficient facts therein, and a defect of parties defendants.

The latter objection is the only one discussed by the appellant's counsel in this court; and, therefore, the first one may be regarded as waived.

It is insisted by the appellant's attorneys, that it is apparent on the face of this paragraph, that the Alfred Lomax therein mentioned was a necessary party defendant to this action. In discussing this point, the argument of counsel is founded, not upon the allegations of this paragraph of the complaint, but upon the stipulations of the written contract of dissolution of the firm of Way & Lomax, a copy of which contract was filed with said paragraph.

It is said in argument, that Lomax was a necessary party defendant, under said written contract, because "it is specifically agreed that the debts should be paid by Way, from the assets of the old firm which were turned

over to him, and one-half of the residue or surplus
should be paid by Way to Lomax." This written con-
tract was not the foundation of appellee's action; it was
simply evidence in support of one of the averments of
his complaint, and therefore the mere filing of a copy of
said contract with said paragraph did not make said
contract a part of the record. *The Excelsior Draining
Co.* v. *Brown,* 38 Ind. 384; *Brooks* v. *Harris,* 41 Ind. 390;
*Knight* v. *The Flatrock, etc., Turnpike Co.,* 45 Ind. 134;
*Trueblood* v. *Hollingsworth,* 48 Ind. 537; and *Wilson* v.
*Vance,* 55 Ind. 584.

It follows, therefore, that we can not look to the copy
of said written contract, for the purpose of determining
whether the said Lomax was or was not a necessary party
defendant to this action. Independently of this written con-
tract, it seems to us, that this first paragraph of the com-
plaint stated a good cause of action against the appellant
only, and that it did not appear from any of its aver-
ments, that the said Lomax was a necessary party to said
action.

Of the errors assigned upon the decisions of the court
below in overruling the demurrers to the second and
third paragraphs of the complaint, all that is said by the
appellant's counsel in this court is contained in this sen-
tence: "The demurrers to the second and third counts
of the complaint, we submit without argument."

This, we think, is equivalent to an express waiver of all
objections to those two paragraphs.

2. The second error assigned by the appellant was
the decision of the court below in overruling his excep-
tions to the "award of the arbitrators," and in sustain-
ing the appellee's demurrer to said exceptions. It ap-
pears from the record, that, after the issues were joined
in this action, the following order was entered therein:

"Now come the parties by counsel, and agree in open
court that all the matters in controversy in this suit be
referred to Seth Eason, Durand C. Alexander and James,

Moore, Esqs., to be heard by said referees at such time, prior to the next term of this court, as they may determine, having first given ten days' notice to each of the parties or his attorney. And, upon said consent and agreement, it is ordered by the court, that all matters in controversy between the parties hereto be, and they are hereby, referred to the above named referees. And it is further ordered, that they make their report on the second day of the next term of this court."

The report of the referees was, in substance, as follows: " We find for the plaintiff, that there is due him from the defendant the sum of two hundred and fifty dollars, and we do hereby award to said plaintiff, and for his damages in said behalf, the said sum of two hundred and fifty dollars, in full satisfaction of all said matters in controversy between said parties in said action; and we further find and award, that the said parties each pay one-half of the costs and expenses of this reference or arbitration, and that the said defendant pay all the other costs made in this cause in the La Porte Circuit Court."

The appellant's exceptions to the referees' report in this action were, in substance, as follows:

" First. For misconduct in said arbitrators, in this, that the referees refused to make a finding of all the facts, and their conclusions of law arising thereon, although the defendant specially requested that such be done, by filing the following written request before them, before entering upon the trial of the case, to wit: ' John B. Fravel v. Seth Way. The defendant asks, that all the facts and the conclusions of law thereon be found specially by said referees, and the conclusions thereon be stated;' and which written request is herewith filed and made a part hereof, and which, the said defendant says, is such misconduct as that it was and will be a great prejudice to him.

" Second. That the report was not made at the time made and fixed by the order of reference, to wit, on the

second day of the term of this court, but on the fifth day thereof."

The facts stated in the first of said exceptions were verified by the oath of the appellant's attorney.

The appellee demurred to the appellant's exceptions, upon the ground that they did not, nor did either of them, state facts sufficient to constitute a valid objection to the referees' report.

In discussing the questions presented by the second alleged error, in their argument of this cause in this court, the appellant's learned attorneys say: "The particular point is, whether, under the above order of reference, either party waived his right to require the referees to find 'the facts and conclusions of law separately.'"

In section 349 of the practice act, it is provided, that "All or any of the issues in the action, except in action for divorce or for the nullification of marriages, whether those issues be of fact or of law, or both, may be referred upon the written consent of both parties."

Section 350 of said act provides, that "The trial by referees is conducted in the same manner as a trial by the court. They have the same power to grant adjournments as the court upon such trial. If required, they must state the facts found and the conclusions of law separately, and their decision must be given and may be excepted to and reviewed in like manner. The report of the referees upon the whole issue stands as the decision of the court, and judgment may be entered thereon in the same manner as if the action had been tried by the court. When the reference is to report the facts, the report has the effect of a special verdict." 2 R. S. 1876, p. 178.

It would seem, from these provisions of the practice act, that the appellant had the right to ask that the referees, in this case, should "state the facts found and the conclusions of law separately," in their report. Perhaps the better practice, in such a case, would be to require

such a statement of the facts found and the conclusions of law separately, by the referees, in the order of reference; for then the requirement would be a part of the record, without the trouble or necessity of making it such, by the referees' report, or by a bill of exceptions. The appellant's request to the referees in this case, to state separately the facts found and the conclusions of law, was in no manner alluded to by the referees in their report; and their failure to comply with said request was not excepted to by the appellant at the time, nor was such request made a part of the record by any bill of exceptions signed by the referees. In our opinion, the appellant could not, and did not, make his written request to the referees a part of the record of this cause, by embodying the same in his exceptions to the referees' report. *The Indiana Central Railway Co.* v. *Bradley,* 7 Ind. 49; *The Board, etc.,* v. *Huston,* 12 Ind. 276; *Royal* v. *Baer,* 17 Ind. 332. In the last case cited, it was held by this court, that, where an order of reference does not require the referee to report to the court the facts found by him, he has no authority to report them, and there is nothing before the court upon which to base exceptions to the findings of the referee on the evidence. In the case now before us, as we have seen, there was no requirement in the order of reference, that the referees should " state the facts found and the conclusions of law separately." If the appellant had the right to require, at the time of the trial by the referees, what the order of reference did not require, that they should state, in their report, the facts found and the conclusions of law separately, it was because the statute provided, that such trial should be " conducted in the same manner as a trial by the court." For the same reason, it was necessary that the appellant should except, at the time, to the failure or refusal of the referees to comply with his requirement, and file his bill of exceptions, signed and sealed by the referees. So that, in any event, it seems to us, that the matters stated in

the appellant's first exception were not properly made a part of the record, and can not, therefore, be complained of in this court.

The appellant's second exception to the referees' report was, that it was not made on the second day of the term of court, as specified in the order of reference, but on the fifth day of said term.

We think that it was within the discretion of the court below to allow the referees to make their report on a day subsequent to the day named in the order of reference; and more especially so, as it does not appear that the appellant objected to, or was in any manner prejudiced by, the making of said report at a later day in the term than the day named in said order. In support of this exception, the appellant's counsel rely entirely upon the case of *Conrad* v. *Johnson*, 20 Ind. 421. In our opinion, however, the case cited is not in point. It was a case of arbitration, in which the parties had stipulated in their agreement of submission, that the award of the arbitrators should be delivered to them on or before a specified day. In that case, the power of the arbitrators to act was founded upon and controlled by the agreement of the parties. But, in a reference under the statute, such as in the case now before us, the referees derive their powers from, and are controlled by, the orders of the court in which the case is pending. It seems to us, that the appellant's exceptions to the referee's report in this case did not present any valid or sufficient objection thereto, and that they were properly overruled.

We find no error in the record.

After the record of this cause was filed in this court, and before the submission thereof, it was shown to the court that the appellant had died since the rendition of judgment herein by the court below, and that James A. Way and John P. Oakes were the administrators of said decedent's estate. Upon their application, leave was granted to substitute their names as appellants in this

court, which was done, and the cause was submitted in their names.

Since the submission of the cause, it has been shown to this court that the appellee has also departed this life.

The judgment is therefore affirmed, at the costs of the appellant's administrators, as of the May term, 1875, of this court, at which term this cause was submitted, to be levied of the appellant's estate in their hands to be administered.