Lee *et al. v.* State, *ex rel.* Templeton, Administrator.

———◆———

No. 10,360.

## LEE ET AL. *v.* STATE, EX REL. TEMPLETON, ADMINISTRATOR.

REFEREE.—*Master Commissioner.*—*Report.*—*Amendment.*—*Evidence.*—*Bill of Exceptions.*—*Verdict.*—Upon a reference to a master commissioner "for finding," he is a general referee, and must make a report on the whole case; such report has the effect of a general verdict, and, like a verdict, belongs to the record without any bill of exceptions or order of the court. Such report can not include either the evidence or the facts, and a motion to require the master to add to his report the evidence should be overruled. Upon such a reference the facts can be brought before the court only by requiring the master to report the facts and conclusions of law separately. The power of the master ends with his report, and he can not amend it by a subsequent report.

SAME.—*Judgment on the Report.*—*Costs.*—*Penalty.*—*Practice.*—The court enters judgment on such report as upon a general verdict, with costs for the prevailing party. The report need not mention costs. The court can not render judgment for a sum greater than that reported, except by adding interest from the time of the report to the time of the judgment. Where the court added to the amount reported by the master the ten per cent. penalty given by the statute, a motion to modify the judgment by striking out the penalty ought to have been sustained.

Lee *et al. v.* State, *ex rel.* Templeton, Administrator.

SAME.—*Special Reference.*—Upon a reference to report the facts, or the facts and the evidence, the report is not part of the record unless made so by bill of exceptions, or by order of the court.

SAME.—*Evidence.*—*Exceptions.*—*Trial.*—Objections to evidence must be made before the master, and made part of the record, either by bill of exceptions signed by the master or by being included in his report. The trial before the master is like a trial before the court.

SAME.—*Exceptions to the Report.*—Where the exceptions require the evidence to be considered there must be a bill of exceptions containing the evidence and signed by the master, otherwise such exceptions can not be considered.

SAME.—*New Trial.*—*Evidence.*—Reasons for a new trial, to wit, that the finding was not sustained by sufficient evidence, and was contrary to law and evidence, can not be considered without a bill of exceptions signed by the master, showing the evidence.

SAME.—*Excessive Damages.*—Where the record showed that the court added to the amount reported by the master, a penalty given by the statute, a motion for a new trial because of excessive damages ought to have been sustained.

SAME.—*Short-Hand Reporter.*—The statute, R. S. 1881, sec. 1410, authorizes the original long-hand manuscript of the reporter, when duly certified by the clerk, to be incorporated in a bill of exceptions. "A mere transcript of the evidence" is not sufficient; and when the hearing is before a master commissioner such bill of exceptions, in order to bring the evidence before the circuit court, must be signed by him.

SUPREME COURT.—*Bill of Exceptions.*—*Evidence.*—A bill of exceptions which shows that it does not contain all the evidence presents no question as to the sufficiency of the evidence, although it contains the statement, "This was all the evidence given in the cause."

From the Hamilton Circuit Court.

*C. L. Henry* and *H. C. Ryan,* for appellants.

*D. Moss, R. R. Stephenson* and *W. S. Christian,* for appellee.

BICKNELL, C. C.—This was an action by the State, on the relation of an administrator, *de bonis non,* against his predecessors and their sureties on their official bond. It was tried before a master commissioner, under the following order: "Come now the parties herein, by their attorneys and by agreement of parties, this cause is now referred to the master commissioner for finding."

Where the reference is merely to report the evidence and

the facts, or to report the facts only, that is merely a mode of enabling the court to arrive at the facts. *Hauser* v. *Roth*, 37 Ind. 89 ; *Stanton* v. *State, ex rel.*, 82 Ind. 463.

In *Reid* v. *State, ex rel.*, 58 Ind. 406, the order of reference was, as in this case, to make a finding, and the court held that on such an order the master commissioner is, in legal effect, a general referee, and must make a final report on the whole case, on which the court must render judgment. In such a case the report of the master becomes a part of the record, like the verdict of a jury, without bill of exceptions or order of the court; *Stanton* v. *State, ex rel., supra ;* but where the reference is merely to report the facts, or the evidence and the facts, there the master's report is not part of the record unless made so by bill of exceptions or order of the court. *King* v. *Marsh*, 37 Ind. 389.

Upon such a general reference as was made in the present case, the master is not authorized to report the evidence, and if he should report it it would not be a part of the record. *McClure* v. *McClure*, 19 Ind. 185 ; *Ware* v. *Adams*, 12 Ind. 359. Nor is he, upon such a reference, authorized to report the facts. *Royal* v. *Baer*, 17 Ind. 332 ; *Way* v. *Fravel*, 61 Ind. 162.

The only way to get the facts before the court, on such a reference, is to require the facts and the conclusions of law to be separately reported by the master. If a motion to that effect be overruled by the master, and proper exception be taken, the court will review the decision of the referee, as it would its own proceedings on a motion for a new trial. *Way* v. *Fravel, supra*. Upon such a general reference, the report of the finding has the effect of a general verdict. *Indiana, etc., R. W. Co.* v. *Bradley*, 7 Ind. 49 ; *Gilmore* v. *Board, etc.*, 35 Ind. 344. The power of the master ends with his report ; he can not amend or correct it by a further report. *Conklin* v. *Morton*, 40 Ind. 76 ; *Indiana, etc., R. W. Co.* v. *Bradley, supra*. Judgment will be rendered on the report, as on a verdict, with costs to the successful party ; the report need

not mention costs. *Pitts* v. *Langsdale*, 32 Ind. 218. The court may include interest in its judgment from the time of the report to the time of the judgment; *Conklin* v. *Morton, supra;* otherwise the court can not render judgment for a sum greater than that reported. Where the commissioner might have included in his finding interest and a penalty, but did not, and the court added to such finding the interest and penalty, the judgment was reversed. *Reid* v. *State, ex rel., supra.*

Upon questions arising on the hearing before the master, as to admission or exclusion of evidence, or the like, the objection must be taken before him, and the matter made part of the record either by bill of exceptions, signed by him, or by his statement in his report. *Board, etc.,* v. *Huston,* 12 Ind. 276; *Way* v. *Fravel, supra.* The trial before the master on a general reference is like a trial by the court. *Gilmore* v. *Board, etc., supra.* Exceptions taken before the master to his report can be presented on appeal only by bill of exceptions signed by the master; *Hauser* v. *Roth, supra;* or by a statement of the master in his report.

. In this case the master reported: " I therefore find for the plaintiff in the sum of $1,917.69, and that the defendants be allowed to retain all evidences of debt due the estate growing out of the sale by them of the personal property of the decedent, and that all other evidences of debt due the estate be retained by the administrator. In my charge of interest I have aimed only to charge interest collected by said administrators." The report contained a statement of the exceptions.

The defendants, in the circuit court, renewed their exceptions to the report, and the court overruled them. The defendants also moved the court to require the master to certify to the court the evidence; this motion was overruled. The court rendered judgment on the finding for the amount thereof viz., $1,917.69, together with the penalty of ten per cent. provided for by the statute, making in all $2,109.45, besides costs. The defendants excepted to the judgment, and moved to modify the same by striking out the penalty, and this mo-

tion was overruled. The action of the court in refusing to require the master to send up to the circuit court the evidence taken before him, and in overruling the motion to modify the judgment, are presented by separate bills of exceptions. The defendants moved for a new trial, and this motion was overruled. The defendants appealed from the judgment. They assign as errors:

1. Overruling the motion to require the master to accompany his report and finding by the evidence given on the trial of said cause before him.

2. Overruling appellants' exceptions to the report and findings of the master.

3. Overruling appellants' motion to modify the judgment.

4. Overruling appellants' motion for a new trial.

There was no error in overruling the motion to require the master to add the evidence to his report. *McClure* v. *McClure, supra; Ware* v. *Adams, supra; Indiana, etc., R. W. Co.* v. *Bradley, supra; Conklin* v. *Morton, supra.*

Where, in a case like this, exceptions to a report require the evidence to be considered on appeal, there must be a bill of exceptions containing the evidence and signed by the master. *Hauser* v. *Roth, supra; Board, etc.,* v. *Huston, supra.* There was no error in overruling the exceptions to the report and findings of the master.

There are eleven of these exceptions; the only one of them discussed by the appellants in their brief is the fifth, which is as follows:

" 5th. They object and except to so much of said report and finding as charges the defendants with the item of $852.- 55 as and for interest collected and received by defendants Joseph Lee and Madison Lee, as administrators of the estate of John Lee, because said charge is not sustained by the evidence."

As to this charge the appellants say there was no evidence; their language is: " We again insist that it is not a question of a conflict of evidence, but an absolute want of evidence; hence we say we think the court erred in overruling the ap-

pellants' exceptions to the report of the master commissioner."
Under this presentation the other exceptions to the report
must be regarded as waived.   It is evident that no question
could be presented to the court by the fifth exception without
a proper bill of exceptions, signed by the master, showing
what the evidence was, and it may be observed that the same
is true of all the other exceptions except the seventh, which
is an objection to the report because it is not accompanied by
the evidence, and this, as we have seen, amounted to nothing.
If the appellants desired to use the evidence on appeal, they
should have brought it into the circuit court by a proper bill
of exceptions signed by the master.

The third error assigned is overruling appellants' motion
to modify the judgment by striking out the penalty of ten per
cent. added by the court in its judgment to the amount found
by the master.   This action of the court was erroneous. *Reid*
v. *State, ex rel., supra.*   The appellee says in his brief, if the
court "should conclude that the penalty was improperly al-
lowed, we are willing to enter a remittitur for that amount."

The only remaining error assigned is overruling the motion
for a new trial.   Eleven reasons were stated for a new trial,
but the appellants in their brief urge only the first, third, fifth,
sixth, seventh, eighth and tenth.

The tenth reason, to wit, that the court erred in its refusal
to modify the judgment, is not a proper reason for a new trial.
It was properly made one of the specifications in the errors
assigned.   Busk. Prac. 269.

The first and third of these reasons, to wit, that the finding
was not sustained by sufficient evidence, and was contrary to
law and evidence, can not be considered, for want of a proper
bill of exceptions.

· The fifth, sixth, seventh and eighth reasons present, in
various forms, the question whether the damages included in
the judgment were excessive.   They were excessive, because
the court, as we have seen, had no right to include therein
the penalty of ten per cent.   The court, therefore, erred in

overruling the motion for a new trial. It appears that after the appellants' motion to require the master to " accompany his report" with the evidence had been overruled, the appellants produced in the circuit court a written document, endorsed as follows:

" State of Indiana, *ex rel.* Samuel Templeton, Administrator, etc., *vs.* Joseph Lee and others.  I. A. KILBOURNE,
" Stenographer and Law Reporter, Anderson, Ind.
" Filed June 22d, 1882.  J. B. CHRISTIAN, Clerk."
This document was certified as follows:

" I, Ira A. Kilbourne, official law reporter in and for the Hamilton Circuit Court, and being duly sworn as such, do hereby certify that the above and foregoing is a true and complete transcript of all the evidence given in the above entitled cause.

" In witness whereof I have hereunto set my hand this the 24th day of March, 1882.  I. A. KILBOURNE, Reporter."

This certificate, as originally signed by the reporter, contained the following words after the word " cause," to wit: " except three receipts from Kittinger to Foland, and the original papers in the case of James Lee *vs.* Joseph Lee *et al.*, which papers I can not find." Through these words a line has been drawn, but the transcript shows upon it face that the papers thus mentioned were read in evidence, and are not in the transcript. Therefore, even if this transcript had been incorporated in a proper bill of exceptions, signed by the master, it would not have enabled the circuit court to properly consider the exceptions to the master's report, because all the evidence is not in it.

Section 1410, R. S. 1881, is as follows: " Whenever, in any cause, such *verbatim* report shall have been made by an official reporter, the original long-hand manuscript of the evidence, by him made, may be filed with the clerk of the court by the party entitled to the use of the same; and in case of an appeal to the Supreme Court, or superior court in general term, it shall be the duty of the clerk, if requested to do so by said party, to certify the said original manuscript of evidence, when

the same shall have been incorporated in a bill of exceptions, to the Supreme Court or other court of appeal, instead of a transcript thereof; and the said original manuscript of evidence may be used in the Supreme Court or other court of appeal, in the same manner and for all purposes in and for which a certified transcript thereof might heretofore be used."

If this statute is applicable to trials of cases referred to a master commissioner as a general referee, then the manuscript to be used must be the " original long-hand manuscript"; here it was not certified to the circuit-court to be such; the reporter simply certifies that it was a " transcript of the evidence." Besides, when presented to the circuit court it was not " incorporated in a bill of exceptions" signed by the master. There could be no proper bill of exceptions showing what the evidence was before the master, without the authentication of the master's signature; and the document in question, when filed in the circuit court by the appellants, not appearing to be the original long-hand manuscript, and not being incorporated in a bill of exceptions, could not be used at all under section 1410 of the Revised Statutes of 1881, and did not authorize the circuit court to consider the question whether the master's finding was sustained by the evidence. *Galvin* v. *State, ex rel.,* 56 Ind. 51. In such a case the circuit court was bound to overrule the exceptions to the master's report. In the "final bill of exceptions" filed on the 22d of June, 1882, in pursuance of leave granted by the circuit court at the April term, 1882, the transcript of the reporter, with his said certificate, is incorporated. This bill is signed by the judge of the Hamilton Circuit Court, and the certificate of the clerk states that the transcript contains " the original long-hand manuscript of the evidence made by the reporter herein named," but this bill presents no question to this court as to the sufficiency of the evidence, because, although said bill states that it contains all the evidence given in the cause, yet it shows upon its face that in fact it does not contain all the evidence. *Eigenman* v.

*Rockport, etc., Ass'n,* 79 Ind. 41.  The judge of the Hamilton Circuit Court, not having heard the evidence before the commissioner, could not certify that it was correctly exhibited in the reporter's transcript.  *Watson* v. *State, ex rel.,* 80 Ind. 212.

We find no available error in the record except the refusal as aforesaid, to modify the judgment, and the refusal to grant a new trial as aforesaid, on account of excessive damages.  By these errors the amount of the judgment was $191.67 more than it should have been.   If the appellee will enter within sixty days a remittitur, as of the date of the judgment, for the sum of $191.67, then the judgment as to the remainder thereof should be affirmed, at the costs of the appellee's relator in this court; otherwise, the judgment should be reversed and a new trial awarded, at the costs of the appellee's relator.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and it is hereby in all things reversed, at the costs of the appellee's relator, and that a new trial be had, unless the appellee's relator, within sixty days, shall enter a remittitur, as of the date of the judgment, as to $191.67 of said judgment, in which case the said judgment, as to the remainder thereof, shall be and is hereby affirmed, at the costs, in this court, of the relator of the appellee.