No. 1,459.

New York, Chicago and St. Louis Railroad Company v. Zumbaugh.

RAILROAD.—*Damages for Stock Killed or Injured.*—*Interest From Date of Injury Not Allowable.*—In an action based on section 5312, R. S. 1894, for damages for stock killed or injured by the locomotive or other carriages run on such road, the amount of recovery is limited by section 5316, R. S. 1894, to the value of the animals killed or the injury done, and interest can not be recovered on the amount of the damages from the date of the injury; for the statute expressly limits judgment to "the value of the animal or animals killed." Both the right and the remedy, in such case, are created by statute.

From the Marshall Circuit Court.

*R. C. Bell, J. M. Barrett* and *S. L. Morris,* for appellant.

*C. Kellison,* for appellee.

DAVIS, J.——The facts in this case are identical, in all material respects, with the facts in the case of the *New York, etc., R. R. Co.* v. *Zumbaugh,* 11 Ind. App. 107.

It appears from the statement of counsel that five

NOVEMBER TERM, 1894.          273

New York, Chicago and St. Louis Railroad Company v. Zumbaugh.

horses, two of which belonged to the appellee in this case, and three of which belonged to the appellee in the former case, strayed upon appellant's track, at the same time and over the same cattle guard, and were killed by the same engine and train of cars and at the same time.

The errors assigned in this court are:

1. That the court erred in overruling appellant's demurrer to the complaint.

2. That the court erred in overruling appellant's motion for a new trial.

On examination, we find that the complaint in this case is, in all material respects, identical with the complaint in the former case. As the complaint was held sufficient in that case, it is not necessary to further consider the question on this appeal.

On the trial, Geo. W. Vaughan, civil engineer on appellant's railroad, testified fully as to the manner in which the cattle guard in question was constructed; that it was a standard guard — a steel slat guard; that such guards were in general use by other systems of railroads and had been so used for several years; that he had made the question of the construction and adoption of cattle guards a special study, and that, from his experience, he regarded this cattle guard as capable and sufficient to turn stock generally.

There was no error in refusing to allow this witness to testify that the cattle guard in question was the best cattle guard to turn stock generally and at the same time not injure the lives of the employes and traveling public. *Pennsylvania Co. v. Mitchell*, 124 Ind. 473, and authorities there cited.

The court, on the trial, gave to the jury, among others, the following instruction:

"No. 12. The plaintiff is entitled to recover not only

the value of the horses on the day they were killed, but he is entitled to receive in addition thereto interest thereon at six per cent. from the date of the injury to the present time.''

Counsel for appellant earnestly insist that so much of the instruction as relates to the recovery of interest was radically wrong.

Section 5312, R. S. 1894, provides that any railroad shall be liable for stock killed or injured by the locomotive, cars or other carriages run on such road.

Section 5316, R. S. 1894, provides that the court or jury shall give judgment for the plaintiff for the value of the animals killed or the injury done.

Section 5318, R. S. 1894, provides that the act shall not apply to any railroad securely fenced in, if such fence be properly maintained. Sections 4025, 4029 and 4031, R. S. 1881. See, also, *Louisville, etc., R. W. Co.* v. *Thomas,* 106 Ind. 10; *Baltimore, etc., R. W. Co.* v. *Johnson,* 59 Ind. 188.

In Texas the statute provides that the ''company shall be liable to the owner for the value of all stock killed or injured by the locomotive and cars of such railroad company in running over their respective railways''; and it is there held that the statute in express terms makes the value of the 'stock killed or injured' the measure of the the damages allowed the owner, and that interest thereon from the date when killed to the date of the verdict can not be recovered. *Houston & Texas, etc., R. R. Co.* v. *Muldrow,* 54 Tex. 233.

In actions for damages growing out of negligence, a different rule prevails in that State. In one case the court says: ''It now seems to be generally held that where a party has a right to recover damages for the wrongful destruction of property that interest ought to be

allowed as compensation." *Texas, etc., R. W. Co.* v. *Tankersley*, 63 Tex. 57.

In Kansas in an action to recover damages under the railroad stock law of 1874, for killing stock on its unfenced railroad, it was held that interest could not be recovered. *Atchison, etc., R. R. Co.* v. *Gabbert*, 34 Kan. 132.

In Iowa the statute provides that the recovery shall be in double the amount of the actual damages, and in that State no interest is allowed. *Brentner* v. *Chicago, etc., R. W. Co.*, 68 Iowa, 530.

In Illinois in an action to recover damages for killing stock on the railroad on account of the negligence of the company in failing to fence the track, it was held error to instruct the jury to allow interest. *Toledo, etc., R. W. Co.* v. *Johnson*, 74 Ill. 83; *Toledo, etc., R. W. Co.* v. *Arnold*, 43 Ill. 418.

In actions for damages for negligently killing stock, interest is not allowed in Missouri. *Meyer* v. *Atlantic, etc., R. R. Co.*, 64 Mo. 542.

In Colorado in actions for damages on account of negligence, interest is not allowed. The court says: "Interest in this State is a creature of the statute and regulated thereby. It is only recoverable, in the absence of contract, in the cases enumerated in the statute, and damages to property arising from the wrong or negligence of the defendant is not one of the enumerated cases." *Denver, etc., R. R. Co.* v. *Conway*, 8 Col. 1 (16).

In *Lackin* v. *President, etc., Delaware and Hudson Canal Co.*, 29 Hun, 309 (N. Y.), the court held that in actions to recover damages for stock killed on its track, through failure to securely fence the railroad, the owner was entitled to recover interest.

In Minnesota, in an action to recover the value of two colts killed by a passing locomotive, where the colts en-

tered upon the track through a breach in the railroad right of way fence, the court said: "The jury were also instructed, in case they found for the plaintiff, to allow interest on the value of the property from the time of the injury. This was proper. It is not a case in which exemplary damages were claimed or allowed, and the basis of plaintiff's claim for compensation is the value of the property destroyed. In such cases interest is necessarily allowed for the indemnity of the party. The same rule applies as in case of conversion of property." *Varco* v. *Chicago, etc., R. W. Co.*, 30 Minn. 18.

This is also the rule in such cases in Arkansas. *St. Louis, etc., R. W. Co.* v. *Biggs*, 50 Ark. 169.

In *Parrott* v. *Knickerbocker and New York Ice Cos.*, 46 N. Y. 361, the court says: "In cases of trover, replevin and trespass, interest on the value of the property unlawfully taken or converted is allowed by way of damages, for the purpose of complete indemnity of the party injured, and it is difficult to see why, on the same principle, interest on the value of the property lost or destroyed by the wrongful or negligent act of another may not be included in the damages." See, also, *Whitehall Trans. Co.* v. *New Jersey Steamboat Co.*, 51 N. Y. 369.

In actions to recover damages for killing stock by reason of negligence of the railroad company, interest on the value of the stock killed, from the date of the loss to the time of the trial, is allowed in Alabama. *Alabama, etc., R. R. Co.* v. *McAlpine Co.*, 75 Ala. 113; *Georgia Pacific R. R. Co.* v. *Fullerton*, 79 Ala. 298.

The same rule prevails in Wisconsin. *Chapman* v. *Chicago, etc., R. W. Co.*, 26 Wis. 295.

The question here presented has never been decided in this State.

In *Blickenstaff* v. *Perrin*, 27 Ind. 527, a verdict in an action for damages for slander was returned in April for

$350. In October, judgment was rendered thereon for $360.50, including $10.50 interest. The court said: "This, we think, was error. The recovery was not on a claim bearing interest. The statute does not authorize interest on verdicts, and we are not aware of any authority allowing interest in such cases before judgment."

In *Myers* v. *Jarboe*, 56 Ind. 57, a verdict was returned in favor of appellant at the June term, 1874, for three hundred dollars and thirty-seven and one-half cents. Judgment was not rendered on this verdict and the case finally reached the Supreme Court.

At the May term, 1877, the cause was remanded with directions to render judgment on the verdict in favor of appellant with interest thereon from June, 1874, until the time judgment should be rendered.

This was an action on an account stated and the judgment was rendered on an answer of set-off or counterclaim.

In *Reid* v. *State, ex rel.*, 58 Ind. 406, which was an action on an administrator's bond, the court held that the court could not increase the amount found to be due in the report of the commissioner by the addition of either penalty or interest.

In *Conklin* v. *Morton*, 40 Ind. 76, the judgment of the circuit court was reversed with instruction to render judgment for the amount of the referee's finding with interest thereon from the time of the report up to the time when the judgment "shall be rendered."

Interest on judgments is now allowed by statute from the date of the return of the verdict. Section 7044, R. S. 1894 (section 5199, R. S. 1881.)

In *Kavanaugh* v. *Taylor*, 2 Ind App. 502, which was an action for damages for the conversion of potatoes, this court said:

"We think the jury had a right to add interest from the day of the conversion."

In *Pittsburgh, etc., R. R. Co.* v. *Swinney, Exx.,* 97 Ind. 586, Judge NIBLACK says:

"In speaking of wrongs to personal property and the proper measure of damages for its conversion, Cooley on Torts, in a note to p. 457, says: 'But in most cases, when the circumstances are not such as to warrant exemplary damages, a just indemnity will consist in the value of the property at the time of the conversion, with interest thereon to the time of the trial.' "

The authorities hereinbefore cited are not all in point, either on one side or the other of the question under consideration. It is apparent, however, that there is a divergence of view as to the right to recover interest on the value of stock killed by railroads in this class of actions. It appears that the tendency of the decisions is to increase the number of actions in which the injured party is entitled to recover interest as a part of his damages.

The weight of the authorities supports the proposition that in cases sounding in tort, where the principle upon which the recovery is had is compensation, and where the compensation can be measured by the market value or other definite standards, interest on the value of the property lost or destroyed may be recovered.

In the case at bar, however, the right of action is created by statute. If the railroad company fails to securely fence its road, and on this account stock is accidentally killed by the locomotive or cars, the statute expressly provides that the "jury trying the same shall give judgment for the plaintiff or plaintiffs for the value of the animal or animals killed."

In other words, the amount of damages which the jury is authorized to assess on the trial of the cause is limited

to the value of the animals killed. It is true that the injured party, where his stock has been killed, will not be fully compensated unless he receives the value of his property, as nearly as may be at the date of the loss. Hence, for the delay, interest at the legal rate, in addition to the value of the property lost, is ordinarily held to afford the fair measure of damages. In such cases, where the statute allows full indemnity without restriction, interest is as much a |part of the damages as the value of the property. Our statute as we have seen does not allow any discretion in the assessment of damages in excess of the value of the animals killed.

Whatever may be said of the statutes and decisions in other States it seems clear to us that under section 5316, *supra*, judgment can not be rendered for any amount in addition to the value of the animals killed. If the remedy is not sufficient to afford the owner full indemnity for his loss the courts can not cure the defect. The Legislature has not only created the right of action but has prescribed the remedy. On the question of the measure of damages nothing is left for construction. In the view we take of the statute, the court erred in giving the instruction under consideration.

Judgment reversed with instruction to sustain appellant's motion for a new trial.

GAVIN, J., absent.

Filed March 12, 1895.