No. 17,498.

## McCutchen v. McCutchen.

Referee.—*Trial by.*—Trials by referees are conducted in the same manner as trials by the court.

Same.—*Special Finding.*—If the report of a referee is special, with conclusions of law, it stands as a special finding in the trial court.

SAME.—*Conclusions of Law, How Taken Advantage of.—Practice.*—
Conclusions of law must be taken advantage of by exceptions there-
to, taken either before the referee or in the trial court.

SUPREME COURT PRACTICE.—*Assignment of Errors.—Motion to Tax
Costs.*—An assignment of error that the court erred in overruling a
motion to tax all costs against defendant, for the reason that there
was a finding in favor of plaintiff on all the issues in the case, is
unavailing where there is nothing to show the grounds on which
the court acted in overruling the motion.

From the Wabash Circuit Court.

*J. D. Conner, Jr.*, for appellant.

*J. S. Slick* and *N. G. Hunter*, for. appellee.

McCABE, J.—By agreement of parties this cause, in
the circuit court, was referred to Alvah Taylor, Esq., an
attorney at the Wabash bar, with directions to him, as
referee, to take and report the evidence *verbatim* with
his conclusions of law thereon stated separately in writ-
ing. After qualifying, he heard the case and filed his re-
port, in which it is shown that he made a special find-
ing of the facts, and stated conclusions of law thereon.
He also recites in his report that "all the oral evidence
was written by me in the presence of the respective
parties and * * is hereto subjoined."

But no such nor any evidence is contained in the tran-
script. His conclusions of law on the facts specially
found are stated in writing. The defendant, the appel-
lee, had judgment pursuant to the conclusions of law.

It is assigned for error here that the circuit court
erred:

1. In overruling plaintiff's motion to modify the con-
clusions of law as set forth on page 12 of the transcript.

2. In overruling plaintiff's motion to modify the con-
clusions of law as set out on page 13 of the transcript.

3. In overruling plaintiff's motion for a judgment in
his favor, as set forth on page 14.

4. In overruling plaintiff's motion to modify the conclusions of law as set forth on page 16.

5. In overruling plaintiff's motion to tax all the costs in the case to the defendant for the reason that there was a finding in favor of the plaintiff on all the issues in the case.

The appellant waives the third and fourth errors assigned by the following language in his brief: "The third and fourth errors we respectfully submit to the court without argument, and ask the court to pass upon the same."

Trials by referees are conducted in the same manner as a trial by the court. Burns R. S. 1894, section 566, R. S. 1881, section 557; *Indiana, etc., R. W. Co.* v. *Bradley,* 7 Ind. 49; *Gilmore* v. *Board, etc.,* 35 Ind. 344; *Pitts* v. *Langsdale,* 32 Ind. 218; *Way* v. *Fravel,* 61 Ind. 162; *Lee* v. *State, ex rel.,* 88 Ind. 256.

Both by the statute referred to and the decisions of this court erroneous conclusions of law must be taken advantage of by exceptions thereto, taken either before the referee or in the trial court. *Roush* v. *Emerick,* 80 Ind. 551; *Bremmerman* v. *Jennings,* 101 Ind. 253.

When the report of a referee is general, it stands as a general finding or verdict, and when it is special with conclusions of law, it stands as a special verdict or special finding in the trial court. *Indiana, etc., R. W. Co.* v. *Bradley, supra; Gilmore* v. *Board, etc., supra; Pitts* v. *Langsdale, supra; Way* v. *Fravel, supra; Lee* v. *State, ex rel., supra.*

Therefore, if such conclusions of law are erroneous they must be objected to in the same way that such conclusions of law are objected to in a special finding of the facts with conclusions of law thereon by the circuit court. That can not be done by a motion to modify such conclusions. *Radabaugh* v. *Silvers, Admr.,* 135 Ind. 605,

and authorities there cited; *Nading* v. *Elliott, Tr.*, 137 Ind. 261.

Therefore, the first and second assignment of errors do not present the questions sought to be raised by them.

The fifth assignment can not avail the appellant because there is nothing in the transcript to show the grounds on which the court acted in overruling the motion.

The motion was, as we have seen, to tax all the costs in the case to the defendant for the reason that there was a finding in favor of the plaintiff on all the issues in the case. That may all be true, and yet not right to tax all the costs against the defendant.

There was no judgment rendered for costs for or against anybody. If for any reason as on account of a continuance or failure to perfect a change of venue, or the like, any part of the costs were properly chargeable against the appellant, it was not error to overrule his motion to tax all of them against the appellee.

It is our duty to presume that there were good and sufficient reasons for the ruling of the court on that motion until the contrary is made affirmatively to appear by the record. *Hunter* v. *Thomas*, 37 Ind. 145; *Harter* v. *Eltzroth*, 111 Ind. 159, and cases there cited. Elliott App. Proced., section 592, and authorities there cited.

The errors assigned being unavailable, the judgment is affirmed.

Filed Sept. 18, 1895.